MILLER v. PEOPLE.

RECEIVING STOLEN GOODS.

1. TRIAL OF INDICTMENT — OWNERSHIP MUST BE ALLEGED AND PROVED.— On trial of an indictment for receiving stolen goods the ownership of the goods, if known, must be alleged, and proved as alleged.

2. SAME — WHEN EXISTENCE OF CORPORATION MUST BE SHOWN.— Where the ownership is alleged in a corporation its corporate existence, at least *de facto*, must be shown.

*Error to Criminal Court of Arapahoe County.*

Messrs. WELLS, McNEAL & TAYLOR, for plaintiff in error.

THE ATTORNEY-GENERAL and Mr. H. RIDDELL, for the people.

RICHMOND, C.   Louis Miller, plaintiff in error, was indicted on three several charges of receiving stolen goods.   The three indictments were consolidated for the purpose of trial.   Conviction followed.   Motion for a new trial was denied, and sentence of imprisonment for a period of one year pronounced.   Judgment and proceedings were brought to this court for review.

But two of the errors assigned are argued by counsel. (1) That the law imposes upon the prosecution, in such cases, the duty of alleging and proving the ownership of the goods charged to have been stolen.

(2) The ownership of the goods charged to have been stolen being alleged to be in the "Denver & Rio Grande Railroad Company, a corporation," it was the duty of the prosecution to prove the corporate existence of said company.

As in larceny, so in receiving, the property is identified by description of the stolen things and their ownership, namely, the thing stolen must be described in the same manner as in larceny, and the owner's name is essential in identification; hence it must be stated if known. 2 Bish. Crim. Proc. §§ 982, 983; *State v. McAloon*, 40 Me. 134; *Com. v. Finn*, 108 Mass. 466; *State v. Williams*, 2 Strob. 230.

The above authorities we deem decisive of the point that it is the duty of the prosecution in a case of this nature to allege the ownership of the property, if known, and to prove the ownership as alleged in the indictments. Upon a careful review of the entire record in this case, we are unable to escape the conclusion that the prosecu-

tion wholly failed to establish by proof that the property alleged to have been received as stolen goods was the property of the Denver & Rio Grande Railroad Company, as charged in the indictments.

The second error, that the corporate existence of the Denver & Rio Grande Railroad Company should have been established, is more difficult of solution, but, after an examination of authorities, we are of the opinion that some proof to this effect should have been introduced. In some of the states the rule is that the corporate existence de jure must be established, but the weight of authority seems inclined to the position that it is only necessary for the prosecution to prove that the company was de facto organized, and acting as a corporation; and this position was accepted in the argument by the attorney on the part of the people, defendant in error.

In the case of State v. Thompson, 23 Kan. 338, it was held that on the trial in a criminal case the existence of a railway corporation may be proved by general reputation. A de facto existence of a corporation is all that is necessary to be shown.

The supreme court of Ohio lays down the rule: "The existence of such corporation may be proved by one who of his own knowledge is acquainted with the fact." Reed v. State, 15 Ohio, 217. See, also, People v. Barric, 49 Cal. 342; U. S. v. Amedy, 11 Wheat. 392.

These authorities, to our mind, satisfactorily determine that there should have been some proof of the corporate existence of the Denver & Rio Grande Railroad Company. To this extent the authorities are uniform, although there is some conflict as to whether proof of such corporate existence de facto is sufficient. Upon principle we think the property of corporations not lawfully organized, although existing in fact, ought to be protected from the depredations of thieves, and that it is sufficient in prosecutions of this nature to establish such corporate existence de facto. This might have been done

*prima facie* in this case by showing that the Denver & Rio Grande Railroad Company was doing business as such a corporation. We neither find such proof in the record, nor anything equivalent thereto. For the reasons stated we think the judgment should be reversed, and the cause remanded for further proceedings.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed, and the cause remanded for a new trial.

*Reversed.*

MR. JUSTICE ELLIOTT. I cannot agree with the statement of Mr. Commissioner RICHMOND, that "the prosecution wholly failed to establish by proof" the ownership of the stolen property. There was some evidence tending to show that it was the property of the party alleged in the indictment. The weight of the evidence was for the jury. The authorities are conflicting as to the kind and amount of proof required to show the corporate capacity of the party from which goods are alleged to have been stolen in cases of this kind. In my opinion proof by general reputation or otherwise of a *de facto* corporation, or of the existence of a company or association of the same name as alleged in the indictment, should be held sufficient *prima facie*. Any lawful organization, having either a general or special ownership of personal property, is entitled to protection against thieves and their accomplices.

*Reversed.*