COMMONWEALTH *vs.* GEORGE H. BILLINGS.

Suffolk.   November 24, 1896. — January 7, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Larceny in Building — Receiving Stolen Goods — Evidence — Guilty Knowledge — Trial — Allegation of Ownership in Indictment.*

Errors in the admission of evidence affecting only counts of an indictment upon which the defendant was acquitted cannot be availed of as grounds for a new trial after conviction on other counts.

At the trial of an indictment against A. and B. for larceny in shops and receiving stolen goods, upon which A. alone is tried, a search of B.'s house and the discovery of a large amount of property there such as is not ordinarily found in a dwelling-house, and the comparison of articles found there with other articles found in A.'s house, are facts competent to be put in evidence against the latter in connection with other evidence in the case.

A., who was indicted jointly with B. for larceny in shops and receiving stolen goods, said of goods found in his possession that he obtained them from B. and helped

him to take care of them in his employer's storehouse; that B. would never tell him where he got them, except that he "stood in with clerks," whose names he would not tell; that he said that the goods so found were given him by B. for carrying goods to B.'s house from time to time in packages; that he was frequently in the company of B., who was a police officer, on the street evenings, and on one occasion after midnight was found by another officer on the street pushing a handcart, on which was a part of the property described in the indictment; and that B. quickly appeared, and, while the two officers were examining the property, the defendant, upon a hint from B., ran away; the officers pursuing him in different directions. *Held*, that this evidence would warrant a finding that the defendant was receiving from B. stolen property, believing it to have been stolen.

The defendant is not entitled to have the jury instructed, at the trial of himself alone upon an indictment against him and B. for larceny and receiving stolen goods, that the finding of large quantities of goods in B.'s possession could not be considered against the defendant "unless and until it was affirmatively shown that he participated with B. at some time or place, having guilty knowledge and intent, either in the act of larceny, or of receiving such goods."

Where a trial proceeds against one of two persons indicted jointly for larceny and receiving stolen goods, he may be convicted of the whole or of any part of the offence charged.

That property found in the possession of a person charged with larceny in a shop and receiving stolen goods is similar to that kept for sale by the person alleged in the indictment to be the owner, without other corroborating circumstances, is not enough to warrant the jury in finding the allegation of ownership to be proved.

INDICTMENT, against Frank Z. Learned and George H. Billings, in twenty-six counts, thirteen of which charged both with breaking and entering in the night-time certain shops and stealing property therein described of other persons; and the other thirteen counts charged both with receiving the same property, alleged to belong to the same persons, knowing it to have been stolen. At the trial of Billings alone in the Superior Court, before *Mason*, C. J., the jury returned a verdict of guilty on the eighth, sixteenth, and twenty-fourth counts only; and the defendant alleged exceptions, which appear in the opinion.

*M. O. Adams*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

KNOWLTON, J.   The defendant was convicted only on the eighth, sixteenth, and twenty-fourth counts of the indictment, and if there were any errors in the admission of evidence affecting only counts upon which he was acquitted, they did him no harm, and cannot now be availed of as grounds for a new trial. *Commonwealth* v. *Meserve*, 154 Mass. 64.

The first exceptions relate to the admission of evidence. The search of Learned's house, and the discovery of a large amount of property there such as is not ordinarily found in dwelling-houses, and the comparison of articles there found with other articles found in the defendant's house, are facts competent to be put in evidence against the defendant in connection with other evidence in the case. There was testimony that the defendant said of goods found in his possession, " that he obtained the goods from Learned and helped him take care of them in the storehouse of his employers on Fulton Place ; that Learned would never tell him where he got them, except that he stood in with clerks; and that Learned would never tell him what clerks he stood in with; that he said the goods found at his house were goods given him by Learned for carrying goods to Learned's house from time to time in packages the size of which was perhaps a foot and a half long." It also appeared that Learned was a police officer attached to a police station in that part of Boston where they were; that the defendant was frequently in his company on the street evenings, and on one occasion at a little after midnight was found on the street pushing a handcart on which was a part of the property described in the indictment; that when the defendant was discovered on this occasion by a police officer, Learned quickly appeared, coming from behind the defendant, and while Learned and the other officer were examining the property on the handcart, Learned said to the other officer, " Your man has gone " ; and that the defendant then ran away, and Learned pursued him in one direction and the other officer in another. These circumstances, all occurring at about the same time, were evidence that there was a guilty arrangement between the defendant and Learned to steal property from shops in that vicinity, or to receive property known by them to have been stolen by others. At least it was evidence that the defendant was receiving from Learned stolen property, believing it to have been stolen, which is all that the law requires to constitute the crime of which he was convicted. *Commonwealth* v. *Leonard*, 140 Mass. 473.

The request to rule that the finding of large quantities of goods in Learned's possession could not be considered against the defendant " unless it is affirmatively shown that he par-

ticipated with Learned at some time or place, having guilty knowledge and intent, either in the act of larceny of, or of receiving such goods," was rightly refused. That was equivalent to a request to rule of each circumstance in the case that it could not be considered unless the case was made out without it. The finding of these goods was a circumstance proper to be considered in connection with the defendant's admissions in regard to his dealings with Learned, and with the other facts of the case. So, too, the judge rightly refused to rule that, because the defendant was indicted jointly with Learned, he could not be convicted if he was guilty as to a part of the property described in the count, and Learned was guilty as to another part. Where the trial proceeds against one upon such an indictment, he may be convicted of the whole or of any part of the offence charged. *Commonwealth* v. *Brown,* 12 Gray, 135. *Commonwealth* v. *Cook,* 12 Allen, 542. *Commonwealth* v. *Miller,* 150 Mass. 69.

The defendant asked a ruling as to each count of the indictment, that there was not sufficient evidence to warrant a verdict of guilty. In regard to two of the counts on which the conviction was had, we think the ruling should have been given. It was necessary to prove the ownership of the property received as charged in the indictment. There was sufficient evidence in the testimony of one Milliken to justify, if not to require, such a finding in regard to the biggins and the teapots described in the eighth count of the indictment, but in regard to the others it is expressly stated in the bill of exceptions that there was no evidence of the breaking or the entering of the shop of any of the persons named as owners in the different counts of the indictment at any time, or of the loss by them of the property described in the indictment, or of any similar property, nor was there any identification of any of the articles in question by any one, except to the extent that they were similar in each case to the property kept for sale by the person alleged to be the owner. This last fact, without corroborating circumstances beyond those which appear in the case, was not enough to warrant a jury in finding the allegation of property in the indictment to be proved, and it is therefore necessary to sustain the exceptions, and set aside the verdict on the sixteenth and twenty-fourth counts.

*Exceptions sustained as to the sixteenth and twenty-fourth counts, and overruled as to the eighth count.*