STATE, Respondent, *v.* BOURDEAU, Appellant.

No. 9176.

Submitted June 23, 1952. Decided July 30, 1952.
Rehearing Denied August 23, 1952.

246 Pac. (2d) 1037.

Mr. Edward T. Dussault, Mr. Russell E. Smith, Messrs. Smith, Boone and Rimel, Missoula, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Asst. Atty Gen., Mr. Wesley Castles, County Atty., Missoula, for respondent.

Mr. Dussault, Mr. Smith, Mrs. Heckathorn and Mr. Castles argued orally.

MR. JUSTICE FREEBOURN:

The information herein charged that defendant did "for his own gain, receive certain personal property, to-wit: one * * deepfreeze * * * knowing the same to have been stolen from the true owner * * Missoula County * * *."

The charge is brought under R. C. M. 1947, sec. 94-2721, which, in part, is as follows: "Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen, is punishable by imprisonment * * *."

Under the charge and the statute the state had to establish beyond a reasonable doubt: (1) That the deepfreeze or freezer was stolen; (2) that defendant received it knowing it to have been stolen; (3) that he did so for his own gain; and (4) that Missoula county was the owner of the deepfreeze. State v. Moxley, 41 Mont. 402, 110 Pac. 83, 85.

In the Moxley Case, this court, speaking through Chief Justice Brantly, said: "In larceny it is necessary that the charge identify the offense by a description of the things stolen, and their ownership. The name of the owner must be stated, if known. 2 Bishop's New Crim. Pro., sec. 718. So in charging the offense of receiving stolen property. Id., secs. 982, 983; Miller v. People, 13 Colo. 166, 21 Pac. 1025; State v. McAloon, 40 Me. [133] 134; Commonwealth v. Finn, 108 Mass. 466; 34 Cyc. 521. The reason of the rule is that the transaction may be so identified that the defendant may, by proper plea, protect himself against another prosecution for the same offense. It follows that the ownership must be proved as charged. Commonwealth v. Billings, supra [167 Mass. 283, 45 N. E. 910]; Miller v. People, supra; Brooks v. State, 5 Baxt. 607 [64 Tenn. 607]; Bryan v. State, 54 Tex. Cr. R. 59, 111 S. W. 1035; 34 Cyc. 523."

The evidence tends to show that in June 1950, the then Missoula county surveyor ordered and received a deepfreeze or freezer from the Folsom Company of Missoula, Montana, which he charged to Missoula county and delivered to defendant at defendant's home.

The actions of the county surveyor could in no way bind Missoula county in this transaction for he acted without authority or approval of the board of county commissioners of Missoula county in ordering, receiving, charging and purchasing such freezer.

Under the law, "The county surveyor shall work under the direction of the board of county commissioners, but shall have no power or authority to incur any indebtedness on the part of the county without the order or approval of the board of county commissioners being first obtained therefor". R. C. M. 1947, sec. 16-3302.

The county surveyor may, also, "* * * purchase and secure all highway and bridge machinery and machinery equipment and tools to be used upon highways and bridges with the approval of the board of county commissioners; purchase and secure all highway, bridge and causeway supplies and materials with the approval of the board of county commissioners * * *." R. C. M. 1947, sec. 32-303.

Not only could the county surveyor not bind the county in ordering, receiving, charging and purchasing such freezer, because he had no authority to do so, but the Folsom Company was bound to know he did not have such authority, and in giving him the freezer, it did so at its own risk. Pue v. Lewis and Clark County, 75 Mont. 207, 243 Pac. 573; Hicks v. Stillwater County, 84 Mont. 38, 274 Pac. 296. The Folsom Company could not have recovered judgment against the county for the value of the freezer. Keeler Brothers v. School District No. 3, Sheridan County, 62 Mont. 356, 205 Pac. 217; Pue v. Lewis and Clark County, supra.

The written requisition or order, given the Folsom Company by the county surveyor for the freezer did not call for or describe such freezer, instead it described the items, ordered, received and charged by the county surveyor, as a counter shaft and pulley.

The Folsom Company, although a freezer had been delivered to the county surveyor, made sworn and written claim to Missoula county for $330.30, the price of the freezer, but swearing, "that the items mentioned in the foregoing account (a part of the claim) were furnished as therein stated," and described such "items" as a counter shaft and pulley.

This deception resulted in the payment of such claim. If the

claim had been true and had described the item furnished as a deepfreeze or freezer it would not have been approved and paid.

The actions of the county surveyor and the Folsom Company were contrary to express provision of law and public policy and made the entire transaction unlawful.

"That is not lawful which is:

"1. Contrary to an express provision of law; 2. Contrary to the policy of express law, though not expressly prohibited; or 3. Otherwise contrary to good morals." R. C. M. 1947, sec. 13-801.

Because of such deception the payment of such claim by the county did not ratify the actions of the county surveyor or make the transaction a legal sale of the freezer by the Folsom Company to Missoula county and the title to the freezer did not pass to Missoula county. Morse v. Granite County Com'rs, 19 Mont. 450, 48 Pac. 745; Missoula Street Ry. Co. v. City of Missoula, 47 Mont. 85, 130 Pac. 771.

Since the attempt to purchase the freezer and the possession thereof by the county surveyor were unlawful, the county, which can only act through authorized officers and agents, never purchased the freezer and never had it in its possession and is entitled to the return of the $330.30 which it paid under mistake occasioned by the false claim therefor.

There being no legal evidence to show that Missoula county was the owner of the deepfreeze or freezer, or that such freezer had been "stolen from the true owner * * Missoula county * * *" as charged in the information, the defendant's motion, that the trial court instruct the jury to return a verdict of not guilty because the evidence failed to show such facts, should have been granted.

The evidence, in order that a case be made justifying submission to a jury under the charge laid, would have to show that the county surveyor, when he ordered, received, charged and purchased the freezer, had the approval of the majority of the members of the board of county commissioners.

Having this approval the county would have become the legal owner of the freezer and the possession thereof by the county surveyor would have been the possession of the county.

In this situation the delivery of the freezer to the defendant would have tended to show a stealing of the freezer from the county by the county surveyor. The keeping of the freezer by the defendant for his own use, with a knowledge of the existing facts, would have justified finding the defendant guilty of the crime charged.

The lack of authority on the part of the county surveyor to order, receive, charge and purchase the freezer, made such acts unlawful and was fatal to the state's case. At no time did Missoula county have title to the deepfreeze or freezer.

Under the existing facts it is and was impossible for the state to prove essential allegations of the information.

For the reasons stated the judgment of the lower court is reversed with directions to dismiss the information.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

In my opinion Judge Besancon was right in submitting the case to the jury. I cannot agree that there was no evidence to show that Missoula county was the owner of the deepfreeze or freezer in question. Certainly some one owned it. The Folsom Company could not claim to be its owner because it had received from Missoula county full payment of the purchase price and had delivered the freezer to Hale, the county surveyor, who also had a deep freezer and a refrigerator delivered to his own house, which were paid for by Missoula county. It knew all the facts with reference to the fraudulent claim being presented as for a sale of parts rather than a sale of a freezer. Being a party to that fraud it could not have successfully sued to recover the freezer had it desired to do so because it would have been estopped from contending that it was still the owner thereof.

The case is comparable to that of Laverty v. People, 111 Colo. 453, 142 Pac. (2d) 381, where like contention was made under facts somewhat similar to those here. Likewise under the facts here the county is at least the equitable owner of the freezer.

R. C. M. 1947, sec. 86-103, provides that: "When a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

The rule is but declaratory of the common law and controls as well to personal property as to real property. Meagher v. Harrington, 78 Mont. 457, 254 Pac. 432.

Here delivery of the freezer was made to Hale, the person who made requisition for it on behalf of the county, and certainly the county is at least the equitable owner thereof. Furthermore, there is respectable authority that the actual condition of the legal title is immaterial so long as the property is properly and sufficiently identified. 45 Am. Jur., Receiving Stolen Property, p. 388, sec. 5.

This court in State v. Huffman, 89 Mont. 194, 296 Pac. 789, has intimated that the rule stated in State v. Moxley, 41 Mont. 402, 110 Pac. 83, is too broad, but found it unnecessary to determine the point. It would seem that if the identification is sufficient to protect a defendant from another prosecution in connection with the same property it is sufficient. Compare State v. Mercer, 114 Mont. 142, 133 Pac. (2d) 358. Where the property is sufficiently described and identified to enable the defendant to make his defense and to be protected from another prosecution concerning the same property, of what concern is it to him as to the status of the technical legal title? Other courts have held that an allegation of ownership is immaterial where the property is otherwise identified. People v. Grahle, 67 Cal. App. 183, 227 Pac. 227; People v. Mitchell, 109 Cal. App. 116, 292 Pac. 692; State v. Martin, 94 Wash. 313, 162 Pac. 356.

As before stated, I think there was proof of ownership in the county as alleged and hence it is not necessary to here determine whether the rule stated in the Moxley Case is too broad.

I think the judgment and order denying a new trial should be affirmed.