COMMONWEALTH vs. THOMAS YOURAWSKI
(and a companion case[1]).

Suffolk.  May 7, 1981. — August 19, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Receiving Stolen Goods.  Words, "Property."*

Intellectual property contained in a video cassette tape of a motion picture
is not "property" as defined in G. L. c. 266, § 30(2), and cannot there-
fore be the subject of an indictment for receiving stolen property under
c. 266, § 60.  [387-388]

INDICTMENTS found and returned in the Superior Court
Department on October 12, 1979.

Motions to dismiss the indictments were heard by *Zobel*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Michael F. Gaffney, Jr.*, Assistant District Attorney (*John
T. Dawley*, Legal Assistant to the District Attorney, with
him) for the Commonwealth.

*Gerald Alch* for Thomas Yourawski (*Alan Chapman*, for
Dominic Rizzuto, joined in a brief).

WILKINS, J.  The Commonwealth's appeal raises the
question whether the intellectual property contained in a
video cassette tape of a motion picture can be stolen proper-
ty, the receipt of which is a crime as defined in G. L.
c. 266, § 60.  We are not concerned here with the receipt of
stolen video cassette tapes, but only with the receipt of the
allegedly stolen material contained on those tapes.  A Supe-
rior Court judge dismissed the indictments, and the Com-
monwealth appealed.  See G. L. c. 278, § 28E; Mass. R.
Crim. P. 15 (a) (1), 378 Mass. 882 (1979).  We granted the

---

[1] Commonwealth *vs.* Dominic Rizzuto.

parties' joint application for direct appellate review and now affirm the order dismissing the indictments.

Each indictment alleged that the defendant received, purchased, and aided in the concealment of "certain intellectual property contained in and on two video cassette tapes of a movie entitled Star Wars." Each indictment further alleged that the intellectual property, which had a value in excess of $100, was the property of Twentieth Century-Fox Film Corporation, and that the defendants were aware that the property was stolen. We repeat that no claim is made that the video cassette tapes were themselves stolen property.

In order to be guilty of the crime of receiving stolen goods, "(1) one must buy, receive or aid in the concealment of property which has been stolen or embezzled, (2) knowing it to have been stolen." *Commonwealth* v. *Donahue*, 369 Mass. 943, 949, cert. denied, 429 U.S. 833 (1976). G. L. c. 266, § 60. Property which may be the subject of larceny, other than property which could be the subject of larceny at common law, is defined in G. L. c. 266, § 30 (2).[2] *Commonwealth* v. *Engleman*, 336 Mass. 66, 69 (1957). The Commonwealth does not assert that the material on the cassettes was property of the character that could have been subject to larceny at common law. It does assert, however, that the allegedly stolen material is property which may be subject to an indictment under G. L. c. 266, § 60.

---

[2] General Laws c. 266, § 30 (2), as amended through St. 1977, c. 979, § 3, states:

"The term 'property', as used in this section, shall include money, personal chattels, a bank note, bond, promissory note, bill of exchange or other bill, order or certificate, a book of accounts for or concerning money or goods due or to become due or to be delivered, a deed or writing containing a conveyance of land, any valuable contract in force, a receipt, release or defeasance, a writ, process, certificate of title or duplicate certificate issued under chapter one hundred and eighty-five, a public record, anything which is of the realty or is annexed thereto, a security deposit received pursuant to section fifteen B of chapter one hundred and eighty-six and any domesticated animal, other than a dog, or a beast or bird which is ordinarily kept in confinement and is not the subject of larceny at common law."

The Commonwealth points to Federal court opinions concerning 18 U.S.C. § 2314 (1976), which prohibits the transportation in interstate or foreign commerce of "any goods, wares, merchandise, securities or money," of a value in excess of $5,000, known to be "stolen, converted or taken by fraud." Those Federal court opinions treat the unauthorized act of duplicating copyrighted aggregations of sound or sight, or both, as the stealing, converting, or taking of "goods, wares [and] merchandise" in violation of § 2314. See, e.g., *United States* v. *Drebin*, 557 F.2d 1316, 1332 (9th Cir. 1977), rev'g in part on other grounds, 572 F.2d 215 (9th Cir.), cert. denied, 436 U.S. 904 (1978) (films); *United States* v. *Sam Goody, Inc.*, 506 F.Supp. 380, 391 (E.D.N.Y. 1981) (sound recording). Cf. *United States* v. *Greenwald*, 479 F.2d 320, 321-322 (6th Cir.), cert. denied, 414 U.S. 854 (1973) (trade secrets); *United States* v. *Bottone*, 365 F.2d 389, 393-394 (2d Cir.), cert. denied, 385 U.S. 974 (1966) (same).

We do not read the definition of "property" in G. L. c. 266, § 30 (2), as reaching the property interest that is alleged to have been stolen in this case. Certainly, the images and sounds captured on the cassette tapes are not within any of the items specified in § 30 (2). We have treated § 30 (2)'s definition of property as all-inclusive, apart from items that were subject to larceny at common law. *Commonwealth* v. *Engleman, supra* at 69. Thus, we have not read the word "property" in § 30 (2) as broadly as the Federal courts have read the words "goods, wares [and] merchandise" in § 2314. For example, *United States* v. *Bottone, supra* at 393-394, held an intangible trade secret to be within § 2314, whereas *Commonwealth* v. *Engleman, supra*, held that theft of a trade secret was not a violation of our larceny statute. See now, however, G. L. c. 266, § 60A, inserted by St. 1967, c. 817, § 2, concerning the knowing receipt of stolen trade secrets. We conclude that the intellectual property which appears on the cassette tapes is not "property" within the definition of property in G. L. c. 266, § 30 (2).[3]

[3] Under G. L. c. 266, § 143, inserted by St. 1973, c. 979, § 1, it is a crime knowingly to transfer, directly or indirectly, "any sounds recorded

In light of our conclusion that the intellectual property appearing on the cassette tapes is not property within the meaning of the definition appearing in G. L. c. 266, § 30 (2), we need not consider the defendants' further argument that the Commonwealth's power to regulate conduct of the type alleged in these indictments is preempted by the supremacy clause of the Constitution of the United States, art. 6, cl. 2. See 3 M.B. Nimmer, Copyright, § 15.01, at 15-6 (1981).[4]

The orders dismissing the indictment are affirmed.

*So ordered.*

on a phonograph record, disc, wire, tape, film or other article on which sounds are recorded, with intent to sell . . . without the consent of the owner" or knowingly to sell such an article. This statute applies only to transfers of sound and does not make a crime of the knowing receipt of recorded sounds pirated by others. It does suggest, however, that the Legislature chose to deal with this problem apart from the definition of "property" for the purposes of larceny, just as it did with respect to the theft of trade secrets (see G. L. c. 266, § 60A, cited above).

[4] The copyright act specifically excepts from preemption the power of States to regulate "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified" in the copyright act. See 17 U.S.C. § 301(b)(3) (1976). We offer no opinion whether the Legislature is preempted from enacting a statute making a crime of the receipt of pirated intellectual property contained within motion picture films, phonographic records, or videotapes. See 3 M.B. Nimmer, Copyright, § 15.01, at 15-5 (1981).