COMMONWEALTH *vs.* PATRICK SANTUCCI. February 8, 1982. The defendant was separately indicted and convicted for buying, receiving or aiding in the concealment of three stolen items, knowing them to have been stolen (G. L. c. 266, § 60): (a) a backhoe tractor (indictment no. 87475), (b) a flatbed trailer (indictment no. 87476), and (c) a plastic tricycle (indictment no. 87477). Based on these three convictions, the defendant was adjudged a common and notorious receiver pursuant to G. L. c. 266, § 62, and the judge directed the clerk to pronounce that judgment and a sentence of seven to ten years on each indictment to be served concurrently at MCI Walpole. The judge then changed his mind and ordered the indictment concerning the tricycle placed on file. The sentences were so pronounced. The defendant argues that the judge erred in not granting his motions for a required finding of not guilty on the indictments concerning the tricycle and the backhoe.[1] With respect to the backhoe, he claims that there was insufficient evidence to establish that he knew or had possession of the stolen backhoe. With respect to the tricycle indictment, he claims that the evidence was insufficient for the jury to find that the tricycle, which he had had in his possession, was in fact stolen. Despite the filing of this indictment, the appeal is properly before us, as the sentence under G. L. c. 266, § 62, was based in part upon it. We affirm.

1. There was ample evidence to support the jury's verdict on indictment no. 87475 concerning the backhoe. The evidence warranted the jury in finding that on July 17, 1978, the defendant had sold to one Montouri a similar but older backhoe, together with a trailer, both of which

---

[1] He does not appeal from the conviction with respect to the flatbed trailer (indictment no. 87476).

had been stolen a few hours earlier (the trailer is the subject of indictment no. 87476; see n.1). The sales price for this equipment was far less than its value, and the defendant had demanded that payment be made in cash. At about 4:30 A.M. on October 14, 1978, one Maggio and two other unidentified helpers delivered to Montouri's premises a truck, a trailer, and the backhoe which is the subject of this indictment. All of these had been stolen less than six hours earlier. Montouri allowed them to remain on his property. Shortly thereafter the defendant asked Montouri if he (Montouri) could sell these items, and he said that he could not. Montouri also told the defendant that he did not want the three items on his property and to get them off. The defendant stated that he would. Montouri then switched the older backhoe for the newer one and about a week later the equipment, with the substituted backhoe, was removed. While there was much other evidence to support the conviction with respect to the newer stolen backhoe, we do not detail it. We regard the evidence which warranted the above findings to be sufficient to support the jury's verdict.

2. There was sufficient evidence for the jury to find that the defendant had had a number of boxes of tricycles in his trailer which he displayed to Maggio at the latter's fruit stand in Leominster. The defendant told Maggio that the tricycles were "hot," which Maggio interpreted to mean stolen, and that he wanted $6 to $8 apiece for them. Maggio told the defendant that he had no use for them. A short time later the defendant left thirty or forty of these tricycles, which were in their original cartons, unopened and unmarked, with Montouri, who ran a flea market and who accepted them to sell on a consignment basis. Around this period a number of such articles had been stolen from the manufacturer. Had they been sold in the regular course of business by the manufacturer, each carton would normally have marked on it the name and address of the purchaser. Later when the investigation focused on the defendant, who was a licensed peddler, he was asked where he had gotten the tricycles. He responded that "he thought he got them from a flea market, but [he] couldn't remember."

The defendant's statement that the tricycles were "hot" and his forgetfulness of the means by which he had acquired them, together with the lack of the purchaser's name on any of them, warranted the jury in finding that the tricycle in question had been stolen (compare *Commonwealth* v. *Peopcik*, 251 Mass. 369, 371 [1975]) and that the defendant knew it.

3. No question has been raised as to the appropriateness of the sentences imposed, probably because the actual time required to be served is the same as if the defendant had received one sentence under G. L. c. 266, § 62. However, only one sentence should have been imposed under that statute since an adjudication as a common receiver is regarded as an aggregate judgment. See *Plumbly* v. *Commonwealth*, 2 Met. 413, 414 (1841); *Collins* v. *Commonwealth*, 315 Mass. 167, 169-170 (1943); *Commonwealth* v. *McKnight*, 289 Mass. 530, 547-548 (1935). The con-

current sentences imposed on each indictment were in excess of the maximum permitted by G. L. c. 266, § 60, and were improper.

The judgments are affirmed. The defendant may, within thirty days after the issuance of our rescript, file a motion in the Superior Court under Mass.R.Crim.P. 29, 378 Mass. 899 (1979), for revocation of the concurrent sentences imposed on indictments nos. 87475 and 87476 and to withdraw indictment no. 87477 from the file, and for the imposition of a single sentence under G. L. c. 266, § 62, that sentence not to exceed the seven to ten year concurrent sentences previously imposed.

*So ordered.*

*Roxana I. Marchosky* for the defendant.

*Joseph C. McGinn*, Assistant District Attorney, for the Commonwealth.