COMMONWEALTH *vs.* ROBERT F. RIVERS.

No. 91-P-35.

Worcester. September 16, 1991. - December 17, 1991.

Present: DREBEN, FINE, & JACOBS, JJ.

*Larceny. Statute*, Construction. *Words*, "Property."

A defendant's unauthorized use of a town landfill site without paying the
fee fixed by the town could not be the subject of a complaint charging
larceny, inasmuch as use of the landfill is not "property" at common
law or as defined in G. L. c. 266, § 30. [670-671]

COMPLAINT received and sworn to in the Spencer Division
of the District Court Department on October 11, 1988.

On transfer to the jury session of the Worcester Division,
the case was tried before *Thomas F. Sullivan, Jr.*, J.

*Geoffrey E. Spofford* for the defendant.

*Claudia R. Sullivan*, Assistant District Attorney, for the
Commonwealth.

DREBEN, J. The town of Leicester operated a landfill site
where commercial haulers could deposit materials for a price
which was determined by the composition and quantity of
the material to be deposited. A jury of six, presented with
evidence from which they could find that the defendant in-
tentionally used the landfill for dumping without paying the
town the amounts due, found the defendant guilty on a com-
plaint charging him with larceny of property over $250.[1] The

---

[1] The defendant was found not guilty of conspiracy to commit larceny.
Contrary to the requirement of Mass.R.Crim.P. 9(e), 378 Mass. 861
(1979), the complaint for conspiracy to commit larceny and the complaint
for larceny were tried together without, it appears, the defendant's con-
sent. The problem arises because certain hearsay statements attributed to
a deceased town official which were admitted solely on the conspiracy
charge, may, despite the judge's instructions, have contributed to the ver-
dict on the larceny complaint. In view of our decision, we need not con-

question raised by this appeal is whether the use of the landfill without sufficient payment is "property" which may be the subject of larceny.

Other than property which could be the subject of larceny at common law, such property is defined in G. L. c. 266, § 30.[2] See *Commonwealth* v. *Engleman,* 336 Mass. 66, 69 (1957) (trade secrets not property within the statute); *Commonwealth* v. *Yourawski,* 384 Mass. 386 (1981) (intellectual property on cassette tapes not property within the statute). The Commonwealth argues that here the "property involved was the money owed to the town" for the use of the landfill. To consider the price or value of what is taken or used as "money" would be a substantial departure from the concept of common law larceny which was limited to the taking of tangible personal property. See 4 Blackstone Commentaries *232. See generally 2 LaFave & Scott, Substantive Criminal Law § 8.4, at 349 (1986); 3 Wharton's Criminal Law, §§

---

sider whether the error in this case created a substantial risk of a miscarriage of justice.

[2]General Laws c. 266, § 30 (1988 ed.), provides in relevant part:

"(1) Whoever steals, or with intent to defraud obtains by a false pretence, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section . . . shall be guilty of larceny . . . .

"(2) The term 'property,' as used in the section, shall include money, personal chattels, a bank note, bond, promissory note, bill of exchange or other bill, order or certificate, a book of accounts for or concerning money or goods due or to become due or to be delivered, a deed or writing containing a conveyance of land, any valuable contract in force, a receipt, release or defeasance, a writ, process, certificate of title or duplicate certificate issued under chapter one hundred and eighty-five, a public record, anything which is of the realty or is annexed thereto, a security deposit received pursuant to section fifteen B of chapter one hundred and eighty-six, electronically processed or stored data, either tangible or intangible, data while in transit and any domesticated animal, including dogs, or a beast or bird which is ordinarily kept in confinement.

"(3) The stealing of real property may be a larceny from one or more tenants, sole, joint or in common, in fee, for life or years, at will or sufferance, mortgagors or mortgagees, in possession of the same, or who may have an action of tort against the offender for trespass upon the property, but not from one having only the use or custody thereof. . . ."

383-387, at 371-380 (Torcia, 14th ed. 1980). See also *Commonwealth* v. *Baker*, 368 Mass. 58, 66-71 (1975). It would also render unnecessary the incremental inclusion by legislative enactment of other kinds of property which may be the subject of larceny.[3]

The theft of services or the unauthorized use of property was not ordinarily considered a criminal offense in the absence of special legislation. See 2 Model Penal Code and Commentaries § 223.7 comment 1 at 250 (rev. ed. 1980). Not only would the all-inclusive interpretation of the Commonwealth ignore the historical development of larceny from its common law origins to its ever-widening statutory base, but its definition would also defy our traditional policy of construing criminal statutes narrowly against the Commonwealth. See *Commonwealth* v. *Green*, 408 Mass. 48, 50 (1990). The Commonwealth points to no case in Massachusetts or elsewhere which adopts its interpretation, and it points to no language within G. L. c. 266, § 30, to support its alternative claim that the subject of the larceny was "the value of the part of the landfill filled by the defendant."

The motion of the defendant for a required finding of not guilty of larceny should have been allowed.

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*

---

[3] See, e.g., G. L. c. 266, § 30, third par., covering real estate, and fourth par., covering trade secrets, an obvious response to *Commonwealth* v. *Engleman, supra.* See as to services or use of property other provisions in G. L. c. 266; e.g., §§ 63, 64, 67A.