COMMONWEALTH *vs.* JEROME CROMWELL.

No. 00-P-843.

Suffolk. August 29, 2001. - January 28, 2002.

Present: LAURENCE, MASON, & BERRY, JJ.

*Receiving Stolen Goods.*

At the criminal trial of a complaint charging the defendant under G. L. c. 266, § 60, with receiving stolen goods, the Commonwealth did not need to establish that the allegedly stolen goods belonged to some particular identified person or entity with ownership rights. [664-667]

This court concluded that there was enough circumstantial evidence at the criminal trial of a complaint charging the defendant with receiving stolen goods to support a conviction, including the peculiarities and suspicious context of the circumstances surrounding the defendant's possession of the items and the defendant's incriminating admission. [667-669]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on November 9, 1998.

The case was tried before *Rosalind Henson Miller*, J.

*David A. Silverman* for the defendant.

*Christina E. Miller*, Assistant District Attorney, for the Commonwealth.

BERRY, J. The defendant was convicted by a jury of receiving stolen property under G. L. c. 266, § 60.[1] The facts presented in the jury trial were these. At 4:20 A.M. on November 8, 1998, while walking on a street in the Dorchester section of Boston, the defendant was stopped by two passing police officers who thought he had something hidden under his arm. The officers noticed that the defendant was sweating profusely, and that

---

[1] On the conviction of receiving of stolen property, the defendant was sentenced to two and one-half years in a house of correction, eighteen months to serve, with the balance suspended, subject to a probationary condition of drug testing. The defendant was acquitted of a charge of possessing a burglarious tool.

there were cuts with fresh blood on his right hand. When asked where he was going, the defendant said he was coming from home and going up the street. The officers conducted a patfrisk, which yielded a screwdriver tucked in one pocket of his jeans, a radar detector tucked in another pocket, a car radio stuffed inside the jeans, and a leather case containing twenty compact discs clutched in his hand. The radio had gouge marks, which appeared to the officers to be marks left when it was pried out of its holder. The defendant was arrested. As he was placed into the cruiser, without any inquiry by the police, he commented, "You got me, just take me in," followed by a second remark that he was "mad at myself." A check of cars parked on the street in the vicinity of the arrest did not show any sign of a break-in. Later, during booking, a nail was discovered in the defendant's pocket.

The appellate challenge is that no rational fact finder could find the defendant guilty beyond a reasonable doubt of receiving stolen goods because there was no evidence that the allegedly stolen articles belonged to a particular identified rightful owner, and the articles did not bear identifying marks through which ownership could be traced.[2] Viewed from one perspective, this appellate claim appears to present a pure evidence-based challenge, contesting the sufficiency of the evidence underlying the conviction. However, the evidentiary challenge is presented with a twist and poses a law-based issue, not previously addressed. The issue of law is whether conviction under G. L. c. 266, § 60, requires proof that the allegedly stolen goods belong to some particular identified person or entity with ownership rights. On this issue, we hold that G. L. c. 266, § 60, does not require as an element that the Commonwealth establish an ownership connection to the allegedly stolen property by a particular person or by specific identifying characteristics.[3] We

[2]Defense counsel developed the point at trial by asking the arresting officer, "on the radio, the disks and the radar [detector], who's the rightful owner of that property." The response was, "I have no idea." The defendant also points out that the criminal complaint lists the owner of the property as "unk." (i.e., unknown).

[3]It is, of course, implicit in the concept of property being stolen that such property is owned by, and rightfully belongs to, some person or entity other

further determine that, in this case, there was sufficient evidence to establish the crime of receiving stolen property, and accordingly, we affirm.

1. *The elements of receiving of stolen property.* We begin with the established elements. "In order to be guilty of the crime of receiving stolen goods, '(1) one must buy, receive or aid in the concealment of property which has been stolen or embezzled, (2) knowing it to have been stolen.' " *Commonwealth* v. *Yourawski*, 384 Mass. 386, 387 (1981), quoting from *Commonwealth* v. *Donahue*, 369 Mass. 943, 949, cert. denied, 429 U.S. 833 (1976). The property must be that which could be the subject of larceny at common law, or is of a type specified in G. L. c. 266, § 30(2). *Commonwealth* v. *Yourawski*, 384 Mass. at 387. The defendant seeks to add another to the afore defined elements, contending that, in order to prove that the property is stolen and the defendant's possession thereof unlawful, the Commonwealth perforce must prove some particular and identifiable ownership interest associated with the property, either by the owner identifying the property or by particular identifying markings on the property itself. In support of this proposition, the defendant compiles cases in which evidence was adduced linking the allegedly stolen goods to an owner,[4] and argues that these cases demonstrate ownership link-

---

than the defendant charged with receiving it. That, however, is quite different from saying that proof of particularized ownership is a necessary element for conviction of the crime of receiving stolen property, as the defendant urges.

[4]As illustrative of cases involving ownership shown by the owner reporting the theft, the defendant cites the following: *Commonwealth* v. *Burns*, 388 Mass. 178, 179 (1983) (contents in codefendant's car reported stolen by department store); *Commonwealth* v. *Fudge*, 20 Mass. App. Ct. 382, 383-384 (1985) (homeowners had reported goods stolen from their home); *Commonwealth* v. *Garcia*, 46 Mass. App. Ct. 466, 467 (1999) (car owner had reported her car stolen). As illustrative of cases involving identifying markings by which goods were linked to the rightful owner, the defendant cites the following: *Commonwealth* v. *Parotta*, 316 Mass. 307, 313 (1944) (owner identified stolen liquor cases by crayon marks on boxes); *Commonwealth* v. *Burns*, *supra* at 179-180 (stolen coats identified with mark that could be seen under special light at store); *Commonwealth* v. *Santucci*, 13 Mass. App. Ct. 933, 934 (1982) (tricycles in original boxes); *Commonwealth* v. *Rossi*, 15 Mass. App. Ct. 950, 951, 952 (1983) (employee identified stolen packages of meat); *Commonwealth* v. *Fudge*, *supra* at 383-384 (homeowners identified goods taken from their house). But see *Commonwealth* v. *Budreau*, 372 Mass.

age as an element. While the cases reflect evidence adduced concerning owners reporting loss of, and identification of, discrete items of stolen goods, none of the cited cases stands for the proposition that ownership by a particular identified person is an element of proof for the crime of receiving stolen property. The defendant does not point to, and research has not disclosed, any case holding as matter of law that a conviction for receiving stolen property requires the Commonwealth to prove that the received property belongs to an identified owner or has unique ownership identifying markings.[5] We also note that ownership is not an element of proof in the Model Penal Code

---

641, 643, 644 (1977) (retail owner unable to identify stereo equipment found in possession of defendant).

[5]In arguing for the incorporation of an ownership element into the crime of receiving stolen property, the defendant incorrectly overlays on that crime the differing elements which define the separate crime of larceny. Larceny is committed by "whoever steals . . . the property of another." G. L. c. 266, § 30. The difference between the two crimes with respect to the presence and absence of an ownership element is reflected in the disparate jury instructions for each offense and in the case law. Instruction 5.32 (Receiving Stolen Property) of the Model Jury Instructions For Use in the District Court (1995) identifies the elements as follows: "First: That the property in question was stolen; Second: That the defendant knew that the property had been stolen; and Third: That the defendant knowingly had the stolen property in his possession." In contrast, instruction 5.41 (Larceny by Stealing) of the Model Jury Instructions For Use in the District Court (1995) identifies the elements as follows: "First: That the defendant took and carried away property; Second: *That the property was owned or possessed by someone other than the defendant*; and Third: That the defendant did so with the intent to deprive that person of the property permanently" (emphasis added). The case law reflects a similar differentiation, construing the larceny statute, but *not* the receiving stolen property statute, as requiring an ownership element of proof. And, even as to the ownership element in the larceny statute — contrary to the defendant's analogous contentions here — proof of ownership by a particular identified owner is not required. "Direct proof of ownership, though preferable, is not essential, since the statute only requires a showing that the defendant was not the owner." *Commonwealth* v. *Souza*, 397 Mass. 236, 238 (1986). Indeed, for larceny, this "essential element of the crime charged[,] that the property stolen must be 'the property of another' . . . [may be] established [by proof] beyond a reasonable doubt that the property belonged to someone other than the defendant." *Ibid.* See *Commonwealth* v. *Donovan*, 395 Mass. 20, 29 n.6 (1985), quoting from *Reader* v. *State*, 349 A.2d 745, 747 (Del. 1975) (in larceny, the phrase "property of another" encompasses that "which [the] defendant has no right to possess").

definition of the crime of receiving stolen property. See Model Penal Code and Commentaries § 223.6 (1980).[6]

In reaching back for precedent to support this legal construct, the defendant cites *Commonwealth* v. *Billings*, 167 Mass. 283 (1897), as establishing an ownership linkage element for the crime of receiving stolen property. Billings was convicted of three counts of receiving stolen property.[7] On appeal, the court found that there "was evidence that the defendant was receiving from Learned stolen property, believing it to have been stolen, which is all that the law requires to constitute the crime of which he was convicted." *Id.* at 285. This formulation in *Billings* of the elements of the crime of receiving stolen property does *not* include an element of ownership, and, indeed, is remarkably similar to the elements that presently define the basis for conviction under G. L. c. 266, § 60. See *Donahue, supra* at 949; *Yourawski, supra* at 387. Notwithstanding that similarity, the defendant reads *Billings* to incorporate an element of proof of ownership because, in that case, the court reversed on two counts where the Commonwealth had not proved ownership of the stolen articles. Analysis reveals, however, that the reversals were not based on an ownership element, but rather were attributable to the way in which the indictment had particularized named shop owners for identified stolen pieces. Hence, according to the court, "[i]t was necessary to

---

[6]Section 223.6 of the Model Penal Code defines "Receiving Stolen Property" as follows: "A person is guilty of theft if he purposely receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with purpose to restore it to the owner. 'Receiving' means acquiring possession, control or title, or lending on the security of the property."

[7]By way of a "guilty arrangement," Billings and one Learned, a local police officer, amassed "a large amount of property [in their homes] such as is not ordinarily found in dwelling houses." In addition, a gendarme had stopped Billings on the street "pushing a handcart . . . which was [filled with] a part of the property described in the indictment." *Commonwealth* v. *Billings*, 167 Mass. 283, 285 (1897). As the officer conducted a threshold inquiry, Learned appeared on scene and diverted the first officer's attention while Billings ran away, at which point Learned said to his fellow police officer, "Your man has gone." *Ibid.* Billings's explanation at trial — that Learned "stood in" with the store clerks of shops in the vicinity (where, it appears, there had been a rash of thefts) — was not found persuasive by the jury.

prove the ownership of the property received *as charged in the indictment*" (emphasis added).[8] *Billings, supra* at 286. So analyzed, *Billings* is not precedent for including ownership as a necessary element of proof of the crime of receiving stolen property.

Although not cited by the parties, we note that G. L. c. 277, § 25, provides that indictments for property crimes need not allege the name of the property owner if the property is described with sufficient certainty. This statute has been construed as applicable to indictments for larceny under G. L. c. 266, § 30. See *Commonwealth* v. *Souza*, 397 Mass. 236, 238 (1986). We see no reason why it would not be equally applicable to receiving stolen property crimes under G. L. c. 266, § 60. Moreover, that an owner need not be alleged in the indictment is in accord with ownership not being an element of proof necessary for conviction of the offense of receiving stolen property.[9] For the foregoing reasons, we reject the defendant's appellate claim that his conviction should be reversed because the Commonwealth failed to prove ownership of the car radio, radar detector, and compact discs by a particular person or by particular identifying characteristics.

2. *Sufficiency of the evidence.* The defendant did not move for a required finding of not guilty under Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). "However, findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern*, 397 Mass. 863, 867-868 (1986). We therefore review the sufficiency of the evidence under the established standard of "whether the evidence received, viewed in a light most favorable to the Commonwealth, is sufficient so that the jury 'might

[8]With respect to proof as charged in the indictment, the court weighed the evidence: "There was sufficient evidence in the testimony of one Milliken to justify, if not to require, such a finding in regard to the biggins and the teapots described in the eighth count of the indictment," on which the conviction was affirmed. *Billings, supra* at 286. In contrast, on the other two counts, the court reversed because there was no similar evidence of loss of, or identification of, the particularized objects by the shopowners.

[9]It is also the case, similar to a larceny prosecution, that while ownership is not an element of the offense of receiving stolen property, direct evidence of ownership, if it is available is, "preferable . . . [although] not essential." *Commonwealth* v. *Souza, supra* at 238.

properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.' " *Commonwealth* v. *Clary*, 388 Mass. 583, 588-589 (1983), quoting from *Commonwealth* v. *Vellucci*, 284 Mass. 443, 445 (1933). See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), *S.C.*, 423 Mass. 129 (1996).

The crime of receiving stolen goods may be proved by circumstantial evidence. *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 2 (1974) ("the evidence [relating to two stolen bicycles], although circumstantial, was sufficient to permit the case to go to the jury"). In assessing such circumstantial evidence, if the defendant's possession of property exhibits "peculiarities" and "occur[s] in a context fraught with suspicion," a jury may draw inferences that the possession was not lawful, and that the defendant had received and was holding, and knew he was holding, stolen goods. *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 596, 602 (1988). Here, the jury could reasonably so conclude from the peculiarities and suspicious context of the circumstances surrounding the defendant's possession of the items, which included walking the streets in the predawn hours, having a car radio concealed within his trousers, stashing a radar detector in one pocket and a screwdriver in the other, and, when stopped and questioned by the police, sweating profusely. Added to these peculiarities were the gouge marks on the car radio consistent with the radio having been pried from its holder, a screwdriver that could etch such gouge marks, and fresh cuts on the defendant's hand that could be inferred to have been caused by the screwdriver. Finally, the defendant's spontaneous statement that "[y]ou got me, just take me in" was not nuanced and could have been considered by the jury as an incriminating admission.[10] See *Commonwealth* v. *Bushway*, 7 Mass. App. Ct. 715, 719 (1979) ("statement [by defendant] that 'he would have made more

---

[10]The defendant also argues that, even if one considered his statements as admissions, an uncorroborated admission or confession is insufficient to establish guilt. *Commonwealth* v. *Forde*, 392 Mass. 453, 457-458 (1984). This argument fails, however, because there was other corroborative evidence supporting the defendant's conviction.

[money] but you got me' furnished strong support for . . . a conclusion" that defendant was engaged in criminal activity).

Painted in detail, the picture presented to the jury was fraught with incriminating facets that reflected the defendant's receiving stolen car electronics. Given the totality of the evidence,[11] and the reasonable inferences drawn therefrom, we are of the opinion that there was sufficient evidence for the jury to find beyond a reasonable doubt that the defendant received stolen property in violation of G. L. c. 266, § 60.

*Judgment affirmed.*

---

[11]For an interestingly comparable fact pattern involving early morning walking with a box filled with office equipment, see *Commonwealth* v. *Quish,* 356 Mass. 718, 719 (1969) (conviction for receiving stolen property sufficiently proved by defendant's incongruous statement that he found goods in alley and by circumstantial evidence, including inferences drawn "from the conglomerate nature of the goods and their condition, and the circumstances in which [the defendant] was apprehended with the goods").