In this appeal from the revocation of his probation, the defendant argues that the evidence was insufficient to prove by a preponderance of the evidence that he knew the truck he was driving was stolen.[2] We review the judge's revocation of probation for abuse of discretion. See Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).
The Commonwealth bore the burden to prove by a preponderance of the evidence that the defendant violated a condition of his probation. See Commonwealth v. Holmgren, 421 Mass. 224, 226 (1995). The condition at issue in this case required the defendant to obey all local, State, and Federal laws. He was alleged to have violated that condition by, among other things, receiving a stolen motor vehicle. "The offense of receiving a stolen motor vehicle requires the Commonwealth establish that (1) the motor vehicle was stolen; (2) the defendant received the motor vehicle; and (3) the defendant knew that the motor vehicle was stolen. See G. L. c. 266, § 28(a )." Commonwealth v. Ramos, 470 Mass. 740, 750 (2015). The defendant argues that the evidence was insufficient to establish the third element of the offense. We review to determine "whether the record discloses sufficient reliable evidence to warrant the finding[ ] by the judge," Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000), that the defendant knew the truck was stolen.
The judge credited the Commonwealth's evidence in toto. That evidence can be summarized as follows. On December 11, 2014, the defendant was released from custody, having finished serving a period of incarceration on several charges. See note 1, supra. Before the defendant's release, a truck and its keys were stolen from a U-Haul lot in Fall River at some point between 7:00 P.M. the night before and 7:30 A.M. on the day of his release. Not long after noon, a report was made to Westminster police of a minor motor vehicle accident involving a U-Haul truck at the Rodeway Inn. An officer investigated and learned from the front desk that the U-Haul belonged to the defendant, who was staying in room eight. Upon inquiry, the defendant admitted that the truck was his, but denied any accident and pointed out the lack of any damage to the truck. While in the defendant's presence, the officer took down the registration number of the truck. He thereafter continued his investigation at the station, where he learned that (1) the truck was stolen, and (2) the defendant's license had been suspended for motor vehicle theft. This portion of the officer's investigation was completed quickly. He returned to the motel within twenty minutes of speaking with the defendant, just missing the defendant, who had driven off in the truck with a woman as his passenger. The defendant was stopped shortly thereafter on Route 2. A syringe needle was found on the floor board near the passenger, and a search of the defendant and his companion revealed four baggies of crack cocaine and one baggie of heroin.
Direct evidence of the defendant's knowledge that the truck was stolen was not required; the matter could be established circumstantially. See Commonwealth v. Cromwell, 53 Mass. App. Ct. 662, 668 (2002) ("The crime of receiving stolen goods may be proved by circumstantial evidence"). Among other things, "[t]he inference permitted by possession of recently stolen property can be a strong one." Commonwealth v. Kirkpatrick, 26 Mass. App. Ct. 595, 600 (1988). In addition, consciousness of guilt could be inferred from the defendant's speedy departure from the motel after learning that the police were investigating matters concerning the truck and had taken its registration number. Taken together, the evidence and the reasonable inferences to be drawn therefrom were sufficient to permit the judge to find that the defendant knew the truck was stolen.
Order revoking probation affirmed.

The probation at issue had been imposed as part of a sentence after the defendant's conviction (by way of plea) in 2013 for breaking and entering in the nighttime, larceny from a building, larceny of a motor vehicle, and breaking and entering into a depository.