The defendant, Peter V. Grantsis, appeals from a District Court judge's order revoking his probation. He contends that the evidence was insufficient to prove that he had committed any new crimes. We affirm.
Background. On July 14, 2015, the defendant pleaded guilty to assault and battery, G. L. c. 265, § 13A(a ). He was sentenced to six months in the house of correction with the balance suspended for one year of probation. On July 6, 2016, prior to the expiration of his probation term, he was charged with four new offenses: (1) unlawful possession of a theft detection device remover, G. L. c. 266, § 30(b ) ; (2) receiving stolen property, G. L. c. 266, § 60 ; (3) shoplifting by asportation, G. L. c. 266, § 30A ; and (4) violating an abuse prevention order, G. L. c. 209A, § 7. The defendant was subsequently detained pending a probation violation hearing that was held on July 27, 2016.
At the hearing, a probation officer introduced a police report outlining the events underlying the first three new charges.[2] The report, which the judge found to be substantially reliable, was prepared by Hanover police Officer Colin Grady. It explained that on the evening of July 5, 2016, Officer Grady was working a patrol shift at the Hanover Mall. At 6:15 P.M. he was made aware that mall public safety officers were monitoring a couple pushing a baby stroller. He was also advised that the couple had exhibited suspicious behavior in the past. The following then occurred:
"Public Safety Officer William Sanna was watching the couple using the [m]all CCTV. Sanna reported the couple went into Old Navy and Fye. Sanna then watched as the male party ... entered into Walmart. The female ... with the child ... went to their vehicle in the parking lot.
"Sanna watched on CCTV as [the female] entered the vehicle and began to remove clothing items from her hand bag and place them in the vehicle. ... Sanna reported that [the female] and [the child] reentered the mall. I arrived at the vehicle and looked in the rear passenger window. In plain sight I could see a stack of clothes with Old Navy tags on them."
After the couple was caught acting suspiciously in a Victoria's Secret store,[3] they returned to the vehicle and began to drive away. At that time, Officer Grady pulled them over and approached the vehicle. He observed that the female was driving and the male-who turned out to be the defendant-was in the passenger seat. Upon searching the defendant, Officer Grady discovered a pair of pliers and a multi-tool, which "based on [his] training and experience," he knew to be tools used to remove security devices.[4] After both parties were arrested, a search of the vehicle revealed over $250 worth of merchandise from Old Navy and Dick's Sporting Goods, both stores in the mall. Based on these facts, the judge found that the defendant had violated his probation by committing the crimes of shoplifting and receiving stolen property.[5] Following a sentencing hearing, the judge imposed the suspended sentence with credit for time served. This appeal ensued.
Discussion. The defendant argues that the police report was insufficient to prove any of the newly charged crimes and, therefore, the order revoking his probation should be reversed.[6] We disagree. The report was sufficient to establish, as the judge found, that he received stolen property.
The standard of proof at a probation surrender hearing is the less demanding civil standard of preponderance of the evidence. See Commonwealth v. Holmgren, 421 Mass. 224, 227 (1995). Where, as here, the judge's findings are based solely on documentary evidence contained in the record, our review is de novo.[7] See Commonwealth v. Santana, 477 Mass. 610, 616 (2017).
The crime of receiving stolen property requires proof that: (1) the property in question was stolen; (2) the defendant knew that it was stolen; and (3) the defendant knowingly had the stolen property in his possession. See G. L. c. 266, § 60 ; Commonwealth v. Namey, 67 Mass. App. Ct. 94, 97 (2006). All three elements may be established by circumstantial evidence. See Commonwealth v. Cromwell, 53 Mass. App. Ct. 662, 668 (2002). Proof that the defendant actually possessed the stolen goods is not required, rather possession "may be joint and constructive." Namey, supra at 98 n.7. Moreover, "if the defendant's possession of property exhibits 'peculiarities' and 'occur[s] in a context fraught with suspicion,' a [fact finder] may draw inferences that ... the defendant had received and was holding, and knew he was holding, stolen goods." Cromwell, supra, quoting from Commonwealth v. Kirkpatrick, 26 Mass. App. Ct. 595, 596 (1988). The information in the police report was sufficient to establish that the defendant received stolen property by a preponderance of the evidence.
First, there was sufficient circumstantial evidence to establish that the defendant had constructive possession of the stolen merchandise. Constructive possession requires proof that the defendant had "knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004), quoting from Commonwealth v. Brzezinski, 405 mass. 401, 409 (1989). Although "presence in an area where contraband is found 'alone cannot show the requisite knowledge, power, or intention to exercise control ... presence, supplemented by other incriminating evidence, will serve to tip the scale in favor of sufficiency.' " Brzezinski, supra at 409-410, quoting from Commonwealth v. Albano, 373 Mass. 132, 134 (1977). Here, the defendant was not merely present in the car. The evidence showed that in addition to his presence: (1) at least some of the stolen goods were placed in the vehicle by his associate shortly after they emerged from Old Navy together; (2) he was sitting in close proximity to the goods, which were plainly visible on the back seat; and (3) he possessed two different tools often used to remove retail security devices. A fact finder could infer from these circumstances that the defendant was not only aware of the goods, but also that he had the ability and intent to exercise control over them.
Second, the defendant's possession of the goods was sufficiently "fraught with suspicion" that a fact finder could infer that the goods were stolen, and that the defendant knew it. Cromwell, supra, quoting from Kirkpatrick, supra. The suspicious attending circumstances included the following: at least some of the goods-the clothes from Old Navy-were taken from the mall on the evening of the arrest; those clothes were stowed in the female's hand bag when the couple departed from the store; both the defendant and the female possessed tools often used to remove security devices; and a witness from the mall reported to the police and public safety officers that she had seen the couple engaging in furtive behavior. See Kirkpatrick, supra at 600 ("The inference permitted by possession of recently stolen property is a strong one. It may act as a substitute for direct proof of guilty knowledge"). Combined with the store manager's earlier observation and report that the defendant and his companion "did try to steal merchandise from the store," these peculiarities, considered with the facts listed above, were sufficient to prove by a preponderance of the evidence that the defendant received stolen property. Therefore, the order revoking his probation is affirmed.[8]
Order revoking probation affirmed.

The police report did not address the abuse prevention order charge.

The store's manager reported to Officer Sanna that "[the couple] did try to steal merchandise from the store." She further told Officer Grady that she saw the female drop a shirt and its security device, which had been removed, before placing the shirt back on the rack and reattaching the security device.

Officer Grady also discovered a magnet in the female's hand bag, which he knew to be another tool used to remove security devices.

The judge memorialized, in the probation hearing finding and disposition form, that she found the defendant in violation of probation based upon the new crimes of "shoplifting" and "receiving stolen property" in an amount greater than $250. Thus, the alleged violation of the terms of an abuse prevention order did not serve as a basis for the judge's finding of a probation violation. Accordingly, the lack of evidence at the hearing of a violation of the abuse prevention order is not relevant to our resolution of the defendant's appellate claim.

In his brief, the defendant specifies that he "only challenges [the judge's] finding of violation; he does not dispute that it would have been within the judge's discretion to revoke his probation and sentence him to six months in the house of correction if she'd properly found him in violation."

The defendant does not challenge the judge's finding that the hearsay contained within the police report was substantially reliable, and thus properly admitted. See Commonwealth v. Patton, 458 Mass. 119, 133 (2010).

The evidence was also sufficient to support a finding, by a preponderance of the evidence, that the defendant had violated the conditions of his probation by shoplifting on a theory of joint venture. See Commonwealth v. Torrealba, 316 Mass. 24, 29 (1944). Even assuming, arguendo, that the evidence was insufficient to sustain this finding, we would nonetheless affirm the order revoking the defendant's probation for the reasons discussed supra. See Rubera v. Commonwealth, 371 Mass. 177, 180-181 (1976) ("Any conduct by a person on probation which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation").