UNITED STATES of America, Appellee,

v.

Burton A. GROSSMAN and Barry S. Badolato, Appellants.

Nos. 79–1032, 79–1033.

United States Court of Appeals, First Circuit.

Argued Nov. 8, 1979.

Decided Feb. 6, 1980.

Andrea G. Garr, Charlestown, Mass., and Terry Phillip Segal, Boston, Mass., with whom Bruce N. Sachar, Lynn, Mass., was on brief for appellants.

Stanley E. Greenidge, Sp. Atty., Dept. of Justice, Washington, D. C., with whom Edward F. Harrington, U. S. Atty., and Jeremiah T. O'Sullivan, Sp. Atty., Dept. of Justice, Boston, Mass., were on brief for appellee.

Before CAMPBELL, Circuit Judge, WYZANSKI,* Senior District Judge, and CLARKE,** District Judge.

CLARKE, District Judge.

Appellants were convicted by a jury in the district court under 18 U.S.C. § 659 of receiving stolen property. Grossman was convicted of knowingly receiving 300 stolen Colibri cigarette lighters shipped from Japan to Providence, Rhode Island, by way of Charlestown, Massachusetts, aboard the M/V KISO MARU. Badolato was convicted of knowingly receiving sixty lighters from the same shipment. At trial, a Colibri catalog was admitted into evidence to prove the retail value of the lighters. The catalog was also used to aid the jury in determining whether the actual lighters in evidence against the defendants were the models listed on the invoice accompanying the KISO MARU shipment, rather than other models which had been previously shipped on another vessel and were not stolen.

The trial judge instructed the jury that:

Possession of property, recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances shown by the evidence in the case that the person in possession knew the property had been stolen. Ordinarily the same inferences may reasonably be drawn from a false explanation of possession of recently stolen property.

The issues on appeal are: (1) whether the trial court erred in admitting the Colibri catalog into evidence for the purposes of proving value and identifying the lighters; and (2) whether the foregoing instruction unconstitutionally shifted the burden of proof from the Government to the defendants because the instruction allowed the Government to prove knowledge, an element of the crime, by less than proof beyond a reasonable doubt.

I.

█ Appellants argue that the Colibri catalog was inadmissible hearsay, not falling within any exception to the hearsay rule, and, therefore, not admissible for any purpose. While we agree that the catalog was hearsay evidence, we do not agree with appellants' contention that the catalog did not fall within an exception to the hearsay rule. First, the catalog was a data compilation admissible under Rule 803(6), Fed.R. Evid., which reads:

Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

* Of the District of Massachusetts, sitting by designation.

** Of the Eastern District of Virginia, sitting by designation.

In making the determination that the catalog was admissible under this "business records" exception, we are satisfied that all of the requirements of Rule 803(6) were met. While the information contained in the catalog was prepared by Colibri's primary officer, its president, who did not testify, this exception does not require that the declarant be unavailable. Rather, the Rule specifically states only that the requirements of the exception be demonstrated by "testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness." Rule 803(6), Fed.R.Evid. Here, Mr. Waldron Huftalen, a purchasing agent for Colibri Corporation, testified regarding the preparation, uses, and issuance of the catalog and was a qualified witness in this regard.

Mr. Huftalen testified that the catalog admitted into evidence was issued in 1977, and the catalog is so dated on the back cover. It was, therefore, applicable to the Colibri lighters that formed the basis of this prosecution, thereby meeting the requirement that the data be compiled "at or near the time" of the relevant events. The exception also requires that the record be made, "by, or from information transmitted by, a person with knowledge." The testimony of Mr. Huftalen showed that the information contained in the catalog was prepared by Colibri's primary officer, its president, certainly "a person with knowledge" of the descriptions and values of Colibri lighters.

Finally, the record must be "kept in the course of a regularly conducted business activity" and as "the regular practice of that business activity." Rule 803(6), Fed.R. Evid. Mr. Huftalen testified that the catalog was prepared and published each year in the regular course of business for distribution to retail outlets. According to Mr. Huftalen, Colibri sells directly to retail outlets and provides these retailers with the catalog to describe the line of goods available and to suggest an acceptable, realistic retail value for the lighters. Therefore, the compilation of data in the catalog concerning the descriptions and value of Colibri lighters is a compilation for business purposes alone and is in no way prepared for the purpose of litigation. Such a business compilation has its own guarantee of trustworthiness and is a safeguard against bias or a motive to misrepresent. *See, e. g. Hoffman v. Palmer,* 129 F.2d 976 (2d Cir. 1942), *aff'd,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

Moreover, under Rule 803(17), Fed.R. Evid., the trial judge could properly have admitted the catalog as a commercial publication. This exception excludes from coverage by the hearsay rule "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations." Rule 803(17), Fed. R.Evid. The catalog admitted was a published compilation generally used and relied upon by retailers of Colibri lighters.

Therefore, the trial judge properly admitted the catalog since it qualified as either a business record pursuant to Rule 803(6), Fed.R.Evid., or as a commercial publication pursuant to Rule 803(17), Fed.R. Evid. Having determined that the catalog was admissible, we are also of the opinion that the catalog could then have properly been used by the jury to aid in identifying the lighters. The catalog was authenticated by Mr. Huftalen, who explained how the code numbers in the catalog were set up and how they corresponded to the pictures in the catalog. The code numbers in the catalog could be matched to those code numbers on the stolen shipment list. The jury could have then compared the coded photographs in the catalog which corresponded to the shipment list with the actual lighters in evidence to conclude that the lighters in evidence were part of the stolen May 1977 shipment.

This Court need not reach the issue of whether the catalog was correctly used to prove the value of the lighters since to have used it for that purpose constitutes harm-

less error in this case.[1] Appellants argue that the retail price is not a relevant consideration, and, therefore, it was impermissible for the catalog to have been considered for the purpose of proving the retail price. Regardless of whether retail price is a relevant consideration, the record clearly shows that appellant Grossman received a check in the amount of $1200.00 for the 300 lighters he sold to Garber Brothers Wholesalers' representative, Mr. Leonard Raskind. Appellant Badolato received $300.00 from his wife's cousin, Mr. John Bond, a tobacco shopowner who sold the lighters in his store. Both Mr. Raskind and Mr. Bond testified at trial to these transactions and amounts, and the invoice, the purchase order, and the check utilized in the Grossman-Raskind transaction were trial exhibits. Accordingly, the trial testimony and exhibits were sufficient in and of themselves to establish a wholesale market price; in other words, the price that a willing retailer would pay to a willing wholesale seller. The amounts actually paid for the lighters exceeded one hundred dollars, the amount required to establish a violation of 18 U.S.C. § 659.

## II.

The trial judge did not err in giving the "recent theft" instruction in this case. We have approved an instruction quite similar to that given here in a case also involving a conviction under 18 U.S.C. § 659. *United States v. Farnkoff,* 535 F.2d 661, 666–67 (1st Cir. 1976). In *Farnkoff,* possession of stolen whiskey without satisfactory explanation, together with other incriminating circumstances, was sufficient to give rise to an inference of guilt. *Id.* The giving of the "recent theft" instruction, when the other circumstances of the case so warrant, also has been approved by the Supreme Court, and other lower federal courts. *Barnes v. United States,* 412 U.S. 837, 93

S.Ct. 2357, 37 L.Ed.2d 380 (1973); *see also United States v. Burns,* 597 F.2d 939, 942–43 (5th Cir. 1979); *United States v. Carter,* 173 U.S.App.D.C. 54, 71, 522 F.2d 666, 683 (D.C. Cir. 1975); *Pendergrast v. United States,* 135 U.S.App.D.C. 20, 32–33, 416 F.2d 776, 788–89 (D.C. Cir.), *cert. denied,* 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969).

Appellant Grossman[2] explained his possession of the lighters through the testimony of two witnesses, Mr. Leonard Raskind of Garber Brothers Wholesalers, who purchased the lighters from Grossman, and Mr. David J. Ryan, Jr., who had previously conducted business with Grossman. Through these two witnesses, Grossman claimed to be a dealer in wholesale distress goods and to have acquired the lighters in a "close-out" sale. However, Grossman's explanation of his possession of the lighters ignores relevant factors developed by the Government.

First, Grossman, in selling the lighters to Raskind, handled that sale in such a way that the jury appropriately could have attached little weight to Grossman's statement to Raskind that the lighters were "close-outs." The lighters were delivered to Raskind in a case that would normally have been destroyed if they had been properly received by Colibri. Moreover, the manner in which Grossman submitted an invoice for the sale to Raskind provided further evidence from which the jury could infer that his explanation of possession was untrue. The invoice contained the name and address of the ABCO Distributing Company. The Government proved that the company was non-existent and that the address on the invoice belonged to a single family house. Raskind, however, used the given company name and address to fill out a Garber Brothers' purchase order and a check. The Garber Brothers' check, made out to ABCO

---

1. Reliance by appellants on the best evidence rule is inappropriate, as that rule does not require that the "best evidence" be presented in every instance. Rather, it is a rule which requires that the original, or the "best" duplicate copy available, be presented when a document is offered into evidence. The rule is not applicable to require the "best" testimony to be presented in a case to establish a fact.

2. The instruction in question was given only in regard to Appellant Grossman.

and not to Grossman, was cashed by Grossman at a tavern. The evidence showed, then, that Grossman sought to make the transaction appear legitimate by using a fictitious company to complete the sale.

Finally, although Mr. Ryan claimed that he had bought wholesale goods from Grossman in the past, he further claimed that the goods he had purchased were foodstuffs. The goods Ryan bought from Grossman were not of the type sold to Raskind. Thus, the evidence showed that despite a history of selling wholesale foodstuffs, Grossman sold Raskind, a man he did not know, lighters.

The jury's duty was to weigh the credibility to be assigned to Grossman's explanation of his possession of that property against the credibility to be given to the Government's evidence. *See United States v. Cowden,* 545 F.2d 257, 264 (1st Cir. 1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977). The evidence certainly was sufficient to render Grossman's explanation of his possession of the lighters unsatisfactory and to provide other incriminating circumstances giving rise to an inference of guilt in the jurors' minds. Therefore, under the standard set out in *Barnes v. United States, supra,* and in *United States v. Farnkoff, supra,* the instruction on possession of recently stolen property was appropriate in this case.

The district judge did not err in giving the instruction in question or in admitting the Colibri catalog into evidence. *The judgment of the district court is affirmed.*