COMMONWEALTH *vs.* WILLIAM C. BURNS. April 5, 1982. The defendant appeals from his conviction by a jury of six in a District Court on a complaint charging him with receiving stolen goods. We affirm, as both of the defendant's contentions, which center on the judge's instructions, were decided adversely to him in *Barnes* v. *United States*, 412 U.S. 837, 843-846 (1973).

1. The defendant first argues that the trial judge's instructions erroneously shifted the burden of proof to him on the question of knowledge. Of course, a judge may not shift the burden of proof to a defendant, but that is not what the judge did here. The judge merely instructed the jury that "a responsibility develops upon . . . the person who has possession to explain the possession of recently stolen merchandise . . . . [Y]ou're entitled to draw an inference . . . that the individuals knew . . . it was stolen." The occasion of going forward with the evidence, described in this charge as "a responsibility . . . to explain," arises because "ordinarily the Government's evidence will not provide an explanation of . . . possession consistent with innocence." *Barnes* v. *United States*, 412 U.S. at 846 n.11. See also *id.* at 845. A rational connection between the facts the prosecution must prove and the fact to be inferred at most makes it expedient for the defendant to provide an explanation in these particular circumstances

*Id.* at 846 n.11. See *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 652-653 (1977), and cases cited. See also *Commonwealth* v. *Taylor*, 10 Mass. App. Ct. 452, 458 (1980), *S.C.*, 383 Mass. 272 (1981).

As it is now settled that an *inference* of guilty knowledge may be drawn from the fact of unexplained possession of recently stolen goods, and that such an inference satisfies the reasonable doubt standard (see *Ulster County Court* v. *Allen*, 442 U.S. 140, 172 [1979]), we are unable to find that there has been a violation of due process here. See also *Commonwealth* v. *Hughes*, 380 Mass. 596, 602-604 (1980), where the Supreme Judicial Court found no error in an instruction which contained the discredited word "presumption" rather than the favored term "inference" that was used in the instant case.

2. The defendant's other argument is that, once some explanation of possession was presented, the judge was obliged to instruct the jury that the Commonwealth must prove beyond a reasonable doubt that the explanation was unsatisfactory. We cannot agree. The defendant completely misperceives the nature of the proof required to be presented by the Commonwealth to the jury. The fact which the Commonwealth must prove beyond a reasonable doubt is that the defendant had possession of recently stolen property. See *Barnes* v. *United States*, 412 U.S. at 846 n.11. The "fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar instructing the jury on the inference. The jury must weigh the explanation to determine whether it is 'satisfactory.' [Citation omitted.] The jury is not bound to accept or believe any particular explanation any more than it is bound to accept the correctness of the inference. But the burden of proving beyond a reasonable doubt that the defendant did have knowledge that the property was stolen, an essential element of the crime, remains on the Government." *Id.* at 845 n.9. The judge correctly so charged the jury in this case.

The cases cited by the defendant which have held that, when certain defenses (e.g., insanity, alibi, and self-defense) are fairly raised by a defendant, the jury must be instructed that the Commonwealth must disprove that defense beyond a reasonable doubt (see, e.g., *Commonwealth* v. *Harrington*, 379 Mass. 446, 452-453 [1980], have no application to the instant circumstances. Rather, evidence rebutting a permissible inference is merely a matter to be weighed by the jury, cf. *United States* v. *Grossman*, 614 F.2d 295, 299 (1st Cir. 1980), and does not form the basis of a defense which negates an element of the crime.

*Judgment affirmed.*

*Milly Whatley* for the defendant.

*William E. Loughlin*, Assistant District Attorney, for the Commonwealth.