COMMONWEALTH vs. WILLIAM C. BURNS.

Worcester. November 2, 1982. — February 15, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Receiving Stolen Goods. Practice, Criminal,* Instructions to jury.

At the trial of a complaint charging the receipt of stolen goods, language in the judge's instructions to the jury making reference to the defendant's "burden of explanation" of his possession of the goods may have left the jury with the erroneous impression that the defendant had an obligation to disprove the essential element of knowledge, and therefore required reversal of his conviction. [180-184]

COMPLAINT received and sworn to in the Central Worcester Division of the District Court Department on July 1, 1980.

On appeal to the jury session the case was tried before *George, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Milly Whatley* for the defendant.

*Joseph C. McGinn,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Following his conviction[1] on a complaint for receiving stolen goods, William C. Burns appealed, alleging error in the judge's instructions to the jury. The Appeals Court affirmed the judgment. See *Commonwealth v. Burns,* 13 Mass. App. Ct. 1011 (1982). We granted the defendant's application for further appellate review. We reverse and remand for a new trial.

We summarize the facts. Early in the evening of June 30, 1980, a police officer observed the defendant standing on a

---

[1] The defendant was sentenced to one year in a house of correction. After the defendant filed a timely notice of appeal, a stay of execution of sentence was granted.

sidewalk next to an automobile belonging to Roger Supernot, the codefendant at the trial.[2] The defendant was holding a leather coat and offering it to passersby. The police followed the two men, who traveled in Supernot's automobile to a nearby pool hall. While Burns waited, Supernot brought a man out from the pool hall. Burns got out of the automobile, opened the trunk, and took out a leather coat, which the man tried on. The man handed money to Burns, who shared it with Supernot. After observing the transaction, the police followed the three men back into the pool hall and asked them to step outside. Burns told the police that he had purchased the coats from a Vermont salvage dealer. Burns also said that he did not have receipts for the coats, but that he could get them.

The police inspected the two coats in the trunk of Supernot's automobile, and the coat the man was wearing.[3] None of the coats had store tags, but all carried the brand name "Reed's Sportswear." Since the police had no knowledge that any coats had been reported stolen at that time, they let the men return to the pool hall, while they kept the automobile under surveillance.

Some time later, the police discovered that late in the evening of June 29, or early in the morning of June 30, 1980, leather coats had been stolen from Eddy's department store. Based on this information, the police stopped Burns and Supernot after they left the pool hall and asked to see the coats. The two men again showed the coats to the police. The defendant repeated that the coats were purchased from a Vermont salvage dealer.

The police took the two coats from the trunk and the coat that the man had purchased[4] to Eddy's for identification. At Eddy's, the police spoke with the owner of Eddy's and its

[2] No appeal of the codefendant, Roger J. Supernot, is before us in this case.

[3] The record seems to show that there were three coats in total, although there was some evidence that there may have been only two, or as many as four, coats in the defendant's possession.

[4] The police had to pursue the man in order to obtain the third coat.

buyer. All of the leather coats sold by Eddy's were marked on the left sleeve with a letter "E," which was visible only under a blue light. All three coats taken by the police bore the letter "E." The store's records permitted an inference that the coats in the defendant's possession were some of the recently stolen coats rather than coats which had been sold earlier that year. At the close of the Commonwealth's case, the defense rested.

The judge instructed the jury that the Commonwealth carries the burden of proof beyond a reasonable doubt on all elements of the offense of receiving stolen goods, including the element of knowledge that the goods were stolen. The defendant challenges another part of the instructions, which reads: "If you should find that these coats were in fact stolen the night before, then while the burden of proof never switches, there's a responsibility develops upon the part of the person who has possession to explain the possession of recently stolen merchandise because the Court, our Supreme Court, has said that you may draw an inference that if somebody has recently stolen merchandise in his possession, he has a duty of explanation. Now, there was some evidence that one of the defendants said something to the officer that the merchandise was purchased from somebody in Vermont or somebody brought it down there, so there's been some evidence concerning that presented to you. It doesn't switch the burden of proof; the burden of proof is always on the Commonwealth to convince you beyond a reasonable doubt. But you're entitled to draw an inference concerning the possession of recently stolen merchandise that the individuals knew about it, knew it was stolen." The defendant objected to the instructions.[5] In response, the judge gave supplemental instructions in which he said,

---

[5] At the conclusion of the charge, defense counsel requested an instruction to the effect that the Commonwealth was required to disprove his explanation to the police beyond a reasonable doubt. The defendant suggested that in the absence of his requested instruction, the instructions as given impermissibly shifted the burden to him to disprove knowledge, an essential element of the crime.

"[T]he burden of proof is always on the Commonwealth, and the exact language that our Supreme Court has used concerning the question of the effect of possession of recently stolen merchandise is this: The rule is that, 'Possession of recently stolen property puts the burden of explanation upon one charged with having stolen it or with having received the property, knowing it to have been stolen.' That's the exact language.

"Now, there has been an explanation presented to you here. It is — you have to decide the effect of that because the Commonwealth's burden, as I say, is always to convince you beyond a reasonable doubt of the various elements of the crime."

The defendant does not dispute the fact that the judge instructed the jury that the Commonwealth has the burden of proving each element of the crime beyond a reasonable doubt. Rather, he claims that this instruction was, in effect, negated by the judge's instruction that the defendant had a duty to explain his possession of recently stolen goods. He claims that the instructions as given are improper because they require him to explain his possession of the coats, and thus shift the burden of proof on the issue of knowledge to him.

Relying on *Barnes* v. *United States*, 412 U.S. 837 (1973), the Commonwealth claims that there is no error in the judge's instructions. In *Barnes,* the United States Supreme Court approved jury instructions for possession of stolen property, which permitted the jury to draw an inference from the possession of recently stolen property "unless such possession is explained by facts and circumstances in this case which are in some way consistent with the defendant's innocence." *Id.* at 840 n.3. Although the *Barnes* Court recognized that the instructions at issue there had the "practical effect . . . [of shifting] the burden of going forward with evidence to the defendant," *id.* at 846 n.11, that instruction did not explicitly place the burden of explanation on the defendant.

In light of *In re Winship,* 397 U.S. 358 (1970), *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and *Sandstrom* v. *Montana,* 442 U.S. 510 (1979),[6] we believe that an extension of the holding in *Barnes* to an instruction explicitly requiring a defendant to justify his possession of the goods is inappropriate.[7] These Federal cases place on the Commonwealth the burden of proving all elements of a crime beyond a reasonable doubt. The issue of knowledge is an essential element of the crime. "Therefore, the issue of [knowledge] cannot be viewed as an affirmative defense and, of course, it cannot be removed from jury consideration.[8] In a prosecution under [G. L. c. 266, § 60], the Commonwealth must prove as an element of the crime charged that [the defendant had knowledge that the goods were recently stolen]. The defendant cannot be under any obligation to aid the Commonwealth in its proof of this central element of the case against him. If the Commonwealth fails to carry its burden of proof on this element, its entire case must fail." *Commonwealth* v. *Munoz,* 384 Mass. 503, 507 (1981).

---

[6] The impact of these decisions on instructions in criminal cases has been the subject of numerous comments. See, e.g., Allen & DeGrazia, The Constitutional Requirement of Proof Beyond Reasonable Doubt in Criminal Cases: A Comment Upon Incipient Chaos in the Lower Courts, 20 Am. Crim. L. Rev. 1 (1982); Allen, More on Constitutional Process-of-Proof Problems in Criminal Cases, 94 Harv. L. Rev. 1795 (1981); Nesson, Rationality, Presumptions, and Judicial Comment: A Response to Professor Allen, 94 Harv. L. Rev. 1574 (1981); Lushing, Faces Without Features: The Surface Validity of Criminal Inference, 72 J. Crim. L. & Criminology 82 (1981); Jeffries & Stephan, Defenses, Presumptions and Burden of Proof in the Criminal Law, 88 Yale L.J. 1325 (1979).

[7] The only explanation of the defendant's lack of knowledge in evidence was given by a police officer as part of the Commonwealth's case, and not by the defendant or through any witnesses he put on the stand. Cf. *Barnes, supra* at 846 n.11.

[8] The defendant has also argued that the instruction should require the Commonwealth to disprove any explanation he gives beyond a reasonable doubt. An explanation is not an affirmative defense. It is one of the many pieces of evidence that the jury must weigh in determining whether the Commonwealth has proved the defendant's knowledge beyond a reasonable doubt. For the reasons stated by the Appeals Court, we reject the defendant's claim. See *Commonwealth* v. *Burns,* 13 Mass. App. Ct. 1011, 1012 (1982).

There is no dispute that a rational inference of guilty knowledge may be drawn from the facts and circumstances, including the defendant's possession of recently stolen goods. Since knowledge is an essential element of the crime, it must be proved beyond a reasonable doubt.[9] See *Commonwealth v. Sandler,* 368 Mass. 729, 741 (1975); *Commonwealth v. Kelley,* 333 Mass. 191, 195 (1955). By discussing the burden of explanation, the judge could have confused a reasonable juror as to which party must prove the element of knowledge.[10] A charge containing language on the burden of explanation, as well as the burden of proof, may confuse the jury as to the differences between the two burdens. "[I]t is inappropriate to instruct the jury on the burden of [explanation] because such a matter lies outside the function of the jury." *Commonwealth v. Moreira,* 385 Mass. 792, 796 (1982).

Viewing the instructions in their entirety, to determine their "probable impact, appraised realistically . . . upon the jury's factfinding function," *United States v. Wharton,* 433 F.2d 451, 457 (D.C. Cir. 1970), we conclude that the instructions may have left the jury with the impression that the defendant had an obligation to disprove the essential element of knowledge.[11] "This misimpression is not cor-

---

[9] There is no dispute on appeal regarding the sufficiency of the evidence or the instructions on the other two elements of the crime: that the coats were recently stolen and that the defendant had them in his possession.

[10] To the extent that *Commonwealth v. Ryan,* 355 Mass. 768 (1969), and *Commonwealth v. Wilbur,* 353 Mass. 376 (1967), cert. denied, 390 U.S. 1010 (1968), are inconsistent with this opinion, we shall no longer follow them.

[11] To avoid this type of error, a possible instruction would read: "Knowledge on the part of the defendant that the goods which he possessed were stolen is an essential element of the crime, which must be proved by the Commonwealth. 'A person's knowledge, however, like his intent, is a matter of fact, which may not be [capable] of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by inference from all the facts and circumstances developed at the trial.' *Commonwealth v. Holiday,* 349 Mass. 126, 128 (1965). You may infer that the defendant had knowledge, if the Commonwealth has proved beyond a reasonable doubt that the defendant possessed recently stolen goods and if

rected by the impact of the instructions evaluated as a whole." *Commonwealth* v. *Rhoades,* 379 Mass. 810, 825 (1980). Therefore, the judgment is reversed, the verdict is set aside, and the case is remanded to the jury-of-six session of the District Court for a new trial.

*So ordered.*

the facts and circumstances in this case warrant an inference that the defendant knew that the goods were stolen. You should consider all the facts and circumstances surrounding the defendant's possession of stolen goods in drawing the inference and in deciding whether the Commonwealth has proved beyond a reasonable doubt that the defendant knew the goods he possessed were stolen. Remember you may, but you are not required, to draw the inference of knowledge."