**COLUMBIA FIRST BANK, FSB, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–510 C.**

United States Court of Federal Claims.

Oct. 31, 2003.

---

Mary C. Gill, Atlanta, GA, for plaintiff. William T. Plybon and Craig H. Kuglar, Atlanta, GA, of counsel.

Brian L. Owsley, with whom were Stuart E. Schiffer, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, United States Department of Justice, Washington, DC, for defendant. Gary J. Dernelle, Richard B. Evans, Colleen Hanrahan, William Kanellis, and Jerome Madden, Washington, DC, of counsel.

## OPINION

HEWITT, Judge.

The court has before it Columbia First Bank's Objections to Defendant's Witness and Exhibit Lists filed August 13, 2003, Plaintiff Columbia First Bank's Post Conference Brief (Pl.'s Br.) filed on October 17, 2003, Defendant's Response to Plaintiff's Objections to Defendant's Trial Exhibits (Def.'s Br.) filed on October 24, 2003, and Plaintiff's Reply in Further Support of its Post Conference Brief filed on October 28, 2003. The court, in order to resolve evidentiary issues raised at the Pre–Trial Conference held on October 8, 2003, issued an Order on October 9, 2003 setting out several issues for post-conference briefing. The court, having considered the arguments presented by the parties, rules on five briefed evidentiary issues in this opinion.

I. Whether and how the ancient documents exception to hearsay, Fed. R.Evid. 803(16), applies to any documents over twenty years old in the context of this case.

The hearsay exception for ancient documents reads in its entirety: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: ... (16) .... Statements in a document in existence twenty years or more the authenticity of which is established." Fed. R.Evid. 803(16). The parties disagree on four aspects of the application of this hearsay exception; the court discusses each dispute in turn:

A. "in existence twenty years or more"

Plaintiff argues that twenty years should be measured from the creation of the document to the date the controversy arises. Pl.'s Br. at 5. Otherwise, plaintiff argues, courts handling lengthy litigation will eventually admit documents under this exception as trustworthy, despite these documents having been prepared in full contemplation of the litigation. *Id.* at 5–6. Defendant responds that no court has read the rule to require that the document antedate the controversy by twenty years to fit this hearsay exception. Def.'s Br. at 5.

■ The rationale of the rule is that "age affords assurance that the writing antedates the present controversy." Fed.R.Evid. 803(16) advisory committee's note. In the absence of authority stating that ancient documents must predate the controversy before the court by twenty years, the court reads the plain language of Rule 803(16), "in existence," to mean those documents in existence twenty years before their proposed admission at trial. Some support for this view can be taken from the language of Rule 901(b)(8) which, when describing the age of an ancient document, uses the phrase "has been in existence 20 years or more at the time it is offered." Fed.R.Evid. 901(b)(8). The court notes that for this trial, documents in existence before November 1983 will have been in existence twenty years or more and also "antedate[ ] the present controversy" caused by the enactment of FIRREA in 1989. Fed. R.Evid. 803(16) advisory committee's note. Unless the opponent can show that the proffered document is tainted by the anticipation of future litigation, the twenty-year period established by the rule gives a threshold assurance of trustworthiness in the circumstances of this case.

B. "the authenticity of which is established"

■ Fed.R.Evid. 803(16) requires authentication for an ancient document to be admissible, and Fed.R.Evid. 901(b)(8) identifies the appropriate criteria to be satisfied for authentication of ancient documents. *See* Fed. R.Evid. 901(b)(8) advisory committee's note. In this case, however, authenticity has been established by presumption through the Mas-

ter Stipulation of December 7, 1999 [1] and the Joint Stipulations of Pre–Trial and Trial Procedures (Joint Stipulations) filed by the parties in this case on October 2, 2003. It is therefore the opponent's burden to challenge the authenticity of documents introduced as evidence here, other than handwritten notes, as to which the Master Stipulation preserves all challenges to authenticity. *See* Master Stipulation at ¶ B(1) at 2; Joint Stipulations at ¶ 1. The opponent must show "good cause" to challenge this presumption of authenticity. Master Stipulation at ¶ B(1) at 2; Joint Stipulations at ¶ 1.

■ The meaning of "good cause" must be "determined by the verbal context of the source in which the term is employed." *Effingham County Bd. of Educ. v. United States,* 7 Cl.Ct. 34, 38 (1984). Here, the opponent of evidence must challenge the presumption of authenticity with a "legally sufficient reason." *See* Black's Law Dictionary 213 (7th ed.1999) (defining good cause as a legally sufficient reason). Because the authenticity of ancient documents is proved by the criteria in Fed.R.Evid. 901(b)(8), to defeat the presumed authenticity of an ancient document in this case an opponent must show that one of the three necessary criteria for authentication is absent. These criteria are:

> Evidence that a document … (A) is in such condition as to create no suspicion concerning its authenticity, (B) was in a place where it, if authentic, would likely be, and (C) has been in existence 20 years or more at the time it is offered.

Fed.R.Evid. 901(b)(8). If the opponent of an ancient document offered in this case can show that one of these three criteria is not fulfilled, then there is good cause to overcome the presumption of authenticity. Plaintiff has not proffered specific concerns with respect to any of the DX exhibits it has listed in its Exhibit A that address the condition of the documents or the place where they were found. *See* Pl.'s Br. at 6–7, 19. Because plaintiff has not shown in its brief good cause

for overcoming the presumption of authenticity of the DX exhibits it lists in Exhibit A, plaintiff's objections to the authenticity of these documents, unless the objections are based on handwritten documents or portions thereof, will not be entertained by the court at trial.

C. Personal Knowledge

■ Plaintiff notes that Fed.R.Evid. 803(16) does not permit the admission of a statement from a hearsay declarant who did not have personal knowledge upon which to base the statement. Pl.'s Br. at 7; *see* Fed.R.Evid. 803 advisory committee's note (stating that firsthand knowledge requirement not dispensed with and pointing to Fed.R.Evid. 602 requirement that witnesses have personal knowledge of the matter). Plaintiff argues that because defendant has not "presented any evidence or testimony in satisfaction of the personal knowledge requirement, … those documents listed on Exhibit A[are] inadmissible." Pl.'s Br. at 7. However, defendant's burden regarding personal knowledge under Fed.R.Evid. 803(16) may not require buttressing testimony: "firsthand knowledge … may appear from [the declarant's] statement or be inferable from circumstances." Fed.R.Evid. 803 advisory committee's note. Proof of personal knowledge is not required for admissibility under Rule 803(16), although a court may require a showing that the declarant could have had firsthand knowledge. John W. Strong et al., McCormick on Evidence, § 323 n.15 (5th ed. Supp.2003) ("Given the passage of time, proving personal knowledge will often be impossible and should not be imposed, but the proponent may properly be required to show from the circumstances that the declarant could have had firsthand knowledge."). Here, the ancient documents have not yet been offered into evidence and the appearance or inference of personal knowledge has not been examined by the court. Plaintiff may contest the admission of documents on this basis at trial.

---

1. Master Stipulation and Order Concerning Authenticity of Documents, Draft Expert Reports, Videotaping of Depositions, Exhibit Lists, Order of Trial Witnesses, and Production of Demonstrative Exhibits ¶ B(1) at 2, filed December 7, 1999

in *Plaintiffs in All Winstar–Related Cases at the Court v. United States,* Nos. 90–8C, et al. (Master Stipulation). *See* Appendix to Defendant's Response to Plaintiff's Objections to Defendant's Trial Exhibits (Def.'s App.) at 312.

### D. Hearsay Within Hearsay

█ Defendant asserts that Fed.R.Evid. 803(16) "precludes the application" of Fed.R.Evid. 805, which states that "[h]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Def.'s Br. at 6. Courts that have dealt with the issue of hearsay statements within ancient documents that are brought in by Fed.R.Evid. 803(16) have concluded that the hearsay within hearsay problem persists, and that excluding parts of such documents because of double hearsay is an appropriate application of Rule 805. *See United States v. Stelmokas,* 1995 WL 464264, at *6 (E.D.Pa. Aug.2, 1995) ("The Court concludes that the hearsay statements within the [report admitted under Fed.R.Evid. 803(16) ] are not admissible under Rule 805."); *United States v. Hajda,* 135 F.3d 439, 444 (7th Cir.1998) ("The document itself falls under Fed.R.Evid. 803(16), but Stanislaw's actual statement needs a separate exception in order to be admissible."), *United States v. Demjanjuk,* 2002 WL 544622, at *23 (N.D.Ohio Feb.21, 2002) ("[T]he persons providing the statements signed and adopted them, thus foreclosing any 'double hearsay' issue under Fed.R.Evid. 805."). While the text of Fed.R.Evid. 803(16) might be read to conform with defendant's interpretation that hearsay statements within an admitted ancient document are also admissible, the weight of authority distinguishes between single hearsay and double hearsay in ancient documents. *See Stelmokas,* 1995 WL 464264, at *6 ("[T]he Court interprets Rule 803(16) as an exception to the hearsay rule only for statements where the declarant is the author of the ancient document. This ruling best gives effect to the combined purposes of Rules 803(16) and 805."); *see also* Fed.R.Evid. 803 advisory committee's note ("The exceptions are phrased in terms of nonapplication of the hearsay rule, rather than in positive terms of admissibility, in order to repel any implication that other possible grounds for exclusion are eliminated from consideration.").

█ If defendant's interpretation of Rule 803(16) were correct, Rule 805 would be superfluous. *See Stelmokas,* 1995 WL 464264, at *6 ("As a general matter, evidence admitted under the hearsay exceptions in Rule 803 remains subject to the multiple hearsay requirement of Rule 805. If the law were otherwise, Rule 805 would be rendered superfluous."). "A legislative body is presumed not to have used superfluous words. Courts are bound to accord meaning, if possible, to every word in a statute." 2A Norman J. Singer, *Statutes and Statutory Construction* § 47:38, at 392 (6th ed.2000). The court will consider at trial Fed.R.Evid. 805 hearsay within hearsay challenges to hearsay statements incorporated within documents admitted under Fed.R.Evid. 803(16).

█ Plaintiff argues that "[i]f any single hearsay statement within the document fails to qualify for an appropriate exception, the document is wholly inadmissible." Pl.'s Br. at 8. On the contrary, courts are able to admit parts of an ancient document and exclude others. *Hajda,* 135 F.3d at 444; *Stelmokas,* 1995 WL 464264, at *6. The court notes also that, at trial, specific portions of exhibits will be pointed out by witnesses, which will aid the court in determining the admissibility of portions of ancient documents. *See* Order of October 9, 2003 (" 'Specifically pointed out' means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or to an otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue."). Multiple hearsay in parts of a document will not prevent the admissible portions in the remainder of an ancient document from being admitted.

II. Whether and how the business records exception to hearsay, Fed.R.Evid. 803(6), applies to the documents of third parties kept in the custody of a party. *See generally Air Land Forwarders, Inc. v. U.S.,* 172 F.3d 1338 (Fed.Cir.1999).

█ The general standard for the business records exception for hearsay in Fed.R.Evid. 803(6) is satisfied if the document was "prepared in the normal course of business ... [, was] made at or near the time

of the events it records ... [and was] based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant." 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 803.08[1] (Joseph M. McLaughlin ed., 2d ed.2003). But when a document produced by a third party is incorporated into the business records of another entity this circuit applies a two-factor standard of reliability in order to admit a record that has an otherwise appropriate foundation. *See Air Land Forwarders*, 172 F.3d at 1343 (approving the admissibility of third party documents when "based upon the foundation testimony of a witness with first-hand knowledge of the record keeping procedures of the incorporating business" if they meet "two factors ... indicating reliability"). The entity must have "rel[ied] upon" the accuracy the document, and there must be "other circumstances indicating the trustworthiness of the document." *Id.* Reliance can be shown if the entity used the document in its dealings. *Id.* Indicia of trustworthiness can be shown, to cite one example, by demonstrating the existence of legal consequences for falsity or inaccuracy in the document. *See id.* at 1343–44 (clear indicia of trustworthiness are present if there are criminal penalties for falsity).

Third party documents kept in the records of a party in this case must be shown to have been received and incorporated, to have been relied upon, and to have indicia of trustworthiness to meet the *Air Land Forwarders* test for the business records exception in Fed.R.Evid. 803(6). The proponent of such evidence at trial must show that this test has been met to overcome a hearsay objection.

 One other aspect of Fed.R.Evid. 803(6) that affects the admissibility of third party documents in business records deserves clarification. The records must be of a "regularly conducted business activity" and there must be a "regular practice" of making a record of that activity. Fed.R.Evid. 803(6). The court agrees that "[t]he routineness or repetitiveness with which a record is prepared is not the touchstone of admissibility under the business records exception." *United States v. Jacoby*, 955 F.2d 1527, 1537

(11th Cir.1992). Regularity is determined less by repetitiveness than by ordinariness. *See* 30B Michael H. Graham, Federal Practice and Procedure: Evidence § 7047 n.25 (Interim ed.2000) (noting three meanings in the "regular" language in the rule: "the event recorded is not one which is itself out of the ordinary," it was the regular course of business to prepare a record of that activity, and the record was prepared in the same way as such records were regularly made.) Business records may be episodic, not day-to-day, and still fit the hearsay exception. *See United States v. Grossman*, 614 F.2d 295, 297 (1st Cir.1980) (admitting annual catalog). The Rule 803(6) exception may be applied to documents incorporated in the records of the parties, if the *Air Land Forwarders* test and the regularity criteria have been satisfied.

III. Whether and how the public records exception to hearsay, Fed.R.Evid. 803(8) (or another hearsay exception), applies to intra-agency documents and other similar government documents in this case.

The public records exception to hearsay states in pertinent part that the following are not excluded by the hearsay rule:

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ... or (C) in civil actions and proceedings ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8). Plaintiff asserts that DX 18, as an example of several contested exhibits that may be offered by defendant, does not qualify under section (A), (B) or (C) of the rule. Pl.'s Br. at 8–11.

 Because public records are presumed to be trustworthy, "[t]he burden of proof concerning the admissibility of public records is on the party opposing their introduction." Weinstein's Federal Evidence § 803.10[2]. Plaintiff argues that DX 18 "does

not constitute a written record of the activities of the FHLB of Atlanta." Pl.'s Br. at 9. Plaintiff also asserts that DX 18 does not record facts that were personally observed by an official who had a duty to do so. *Id.* at 10. Finally, plaintiff challenges DX 18 on the basis that it "contains a number of memorand[a] between Government employees at FHLBB of Atlanta" that include "personal evaluations and opinions." *Id.* at 8, 11.

 Under Fed.R.Evid. 803(8)(B), a government regulator's report on a financial institution has been found to be admissible. *See Remington Inv., Inc. v. Quintero & Martinez Co.,* 961 F.Supp. 344, 351 (D.P.R.1997) (finding an FDIC report compiled from submitted bank reports admissible under Rule 803(8)(B)). A government regulator's report may also be admitted under Fed.R.Evid. 803(8)(C), even if it contains opinions or conclusions derived from data contained in the report. *See id.* at 351–52 (noting the FDIC's report was based on the FDIC's examination of the bank records and citing *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) for the admissibility of opinions or conclusions). Of course, not all government regulator opinions are "factual findings" under Fed.R.Evid. 803(8)(C). *See Smith v. Isuzu Motors Ltd.,* 137 F.3d 859, 862 (5th Cir.1998) ("[I]nterim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements."). In *Smith,* however, the inadmissible memoranda were offered as "factual findings" under Fed. R.Evid. 803(8)(C) despite a later agency decision that came to a different conclusion. *See id.* (holding that the memoranda "embody the positions and opinions of individual staff members, which the agency ultimately declined to accept"). The *Smith* court did not rule on the memoranda as observations of individual staff members of facts they had a duty to record, possibly excepted under Fed. R.Evid. 803(8)(B), nor is the investigative context of the National Highway Traffic Safety Administration in the *Smith* litigation closely analogous to the FHLBB's role in this case.

**2.** A proponent may also, with the proper foundation, be able to use the business records exception of Fed.R.Evid. 803(6) for some government documents that fail to meet the standard in the public records exception. *See Coast Fed. Bank.*

 At least some of the documents included in DX 18 appear to the court to qualify as public records under Fed.R.Evid. 803(8)(B); in particular, the documents appear to have the requisite trustworthiness and to be within the scope of the recording duties of the declarant. *See* Fed.R.Evid. 803(8) advisory committee's note ("[T]he rule ... assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present."). Thus, portions of DX 18 and similar documents may be admissible under Fed.R.Evid. 803(8).[2]

IV. Whether and how the non-hearsay category of admission by party-opponent, Fed.R.Evid. 801(d)(2), may be applied to statements by outside consultants in documents produced for plaintiff.

Defendant argues that documents produced by outside consultants for plaintiff are party admissions by reason of agency. Def.'s Br. at 11–13. The exclusion from hearsay for party admissions states in pertinent part:

A statement is not hearsay if ... [t]he statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship .... The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision ... (D) ....

Fed.R.Evid. 801(d)(2).

 Defendant points to certain documents as evidence that "[t]he existence of an agency relationship is apparent from the exhibits themselves." *Id.* at 13. The court notes that each of the exhibits pointed out in defendant's brief as evidence of an agency relationship includes the phrase "we, as your independent accountants," Def.'s App. 328–344, a statement that appears to the court to be inconsistent with defendant's argument.

*FSB v. United States,* 48 Fed.Cl. 402, 447 (2000) (approving use of business records exception as alternate means of admitting government documents).

To overcome a hearsay objection using the non-hearsay exclusion of Fed.R.Evid. 801(d)(2)(D) [3], proponents of outside consultant evidence at trial must show that an agency relationship existed, that the statement was made during the existence of the relationship, and that the statement was made within the scope of the agency.

V. Whether there is authority for the proposition that two experts, under Fed.R.Evid. 403 or other evidentiary rules, may not both give evidence if their evidence is similar to the degree of defendant's experts, Dr. Frankel and Mr. Rush.

■ The parties dispute whether defendant's experts will offer testimony that will be needlessly cumulative. *See* Pl.'s Br. at 14–17; Def.'s Br. at 23–26. Plaintiff suggests that either one expert or the other should be excluded under Fed.R.Evid. 403. Pl.'s Br. at 17; *see* Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). The examples of cumulative analysis offered by plaintiff are not so evidently redundant as to warrant the exclusion of either Dr. Frankel's or Mr. Rush's proposed testimony. *See* Pl.'s Br. at 16–17. The court notes that the excerpts quoted are not exact duplicates, nor is there yet evidence that the experts lack expertise of differing kinds. *Cf. Thorndike v. DaimlerChrysler Corp.*, 266 F.Supp.2d 172, 185 (D.Me.2003) (excluding expert's opinions which parroted other experts' conclusions when proponent failed to show benefit of independent expertise). The parties may object at trial to testimony which is in fact a "needless presentation of cumulative evidence." Fed.R.Evid. 403.

IT IS SO ORDERED.

---

**3.** Alternate means of admission may exist under either a business records exception, as discussed *supra*, Section II, or an adoptive party-admission exclusion as non-hearsay under Rule 801(d)(2)(B). *See* Fed.R.Evid. 801(d)(2)(B) ("a statement of which the party has manifested an adoption or belief in its truth").