The defendant, Ruel Spence, was convicted after a trial by jury in District Court of receiving stolen property with a value greater than $250, in violation of G. L. c. 266, § 60. The defendant was sentenced to one year in the house of correction. On appeal, the defendant contends that the evidence was insufficient to support his conviction, and that the prosecutor improperly vouched for the credibility of the evidence during her closing argument. We affirm.
Background. "Because the defendant challenges the sufficiency of the evidence presented, we summarize the facts the jury could have found in the light most favorable to the Commonwealth." Commonwealth v. Tavares, 471 Mass. 430, 431 (2015).
On June 9, 2015, Edward Pape left his home in Rutland for work at approximately 7:00 A.M. He returned to his home at about 7:30 P.M. to find that his back door had been torn completely "off the hinges." Pape noticed that many items were missing, including his solid gold wedding ring. Pape reported the items stolen to the Rutland police, who in turned referenced the New England State Police Information Network (NESPIN), which contains records of recent transactions at both pawn and coin shops. Rutland police Detective Troy Chauvin discovered that a wedding ring had been sold to Gardner Rare Coin (Gardner Coin or store), which was approximately fifteen miles from Rutland, on the same day as the break-in. The NESPIN database listed the defendant as the individual who sold the wedding ring.[2] Detective Chauvin went to Gardner Coin where he recovered a ring, later identified by Pape as his wedding ring. Chauvin also obtained a sales receipt that indicated that the defendant sold the ring at 10:40 A.M. on June 9, 2015. The sales receipt was accompanied by a photograph of the defendant's driver's license taken at the time the defendant sold the ring.[3] An employee of Gardner Coin testified that although he was not the clerk who performed the transaction on June 9, it was the practice of the store to assess the value of an item offered for sale, offer a price to the seller, and in compliance with a local ordinance, take the seller's driver's license or other form of identification and enter the information into the computer system. The store's policy is to have the seller sign a sales receipt and staple it to the bag containing the item that was sold; the store keeps the item for at least fourteen days. The clerk handling the transaction is required to photograph the item that is sold along with the seller's driver's license.
Discussion. 1. Sufficiency of the evidence. The defendant argues that the evidence was insufficient to convict under G. L. c. 266, § 60. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017), quoting from Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).
In order to convict the defendant of receiving stolen property under G. L. c. 266, § 60, the Commonwealth must prove beyond a reasonable doubt that "(1) The property in question was stolen; (2) That the defendant knew that the property had been stolen; and (3) That the defendant knowingly had the stolen property in his possession." Commonwealth v. Namey, 67 Mass. App. Ct. 94, 97 (2006) (quotation omitted). "A rational inference of guilty knowledge may be drawn from the facts and circumstances, including the defendant's possession of recently stolen goods." Commonwealth v. Burns, 388 Mass. 178, 183 (1983).[4]
The defendant contends that the mere fact than Gardner Coin "received [his] license when they received the ring is insufficient to demonstrate that it was him who sold the ring." We disagree.
Considering the evidence in the light most favorable to the Commonwealth, we believe the jury could reasonably infer that the defendant sold the stolen ring to Gardner Coin on June 9, 2015. See Commonwealth v. Cromwell, 53 Mass. App. Ct. 662, 668 (2002) ("The crime of receiving stolen goods may be proved by circumstantial evidence"). In addition, the jury were warranted in relying on the permissive inference of guilty knowledge that arises from the possession of recently stolen property. See Burns, supra.[5]
The defendant relies on several cases that are distinguishable. In Commonwealth v. French, 476 Mass. 1023, 1023-1024 (2017), the only evidence linking the defendant to the scene of the breaking and entering was a single fingerprint on the store-front window. The court held that because the Commonwealth could not establish beyond a reasonable doubt that the defendant left his fingerprint on the window at the time of the break-in, the evidence was insufficient to support the conviction. Id. at 1025. In Commonwealth v. Renaud, 81 Mass. App. Ct. 261, 263-264 (2012), an electronic bank transfer card in the defendant's name found at a crime scene was not sufficient to support an inference that the defendant was present during the commission of the crime. In Commonwealth v. Swafford, 441 Mass. 329, 340-341 (2004), the court rejected the Commonwealth's argument that merely because the defendant was the owner of a vehicle, it was likely that he was the driver on a particular occasion.
There was no error in denying the defendant's motion for a required finding of not guilty.
2. The prosecutor's closing argument. The defendant further contends that the prosecutor improperly vouched for the accuracy of the photograph of the defendant's license during the closing argument. "Because the defendant did not object to portions of the prosecutor's closing argument he now challenges, we must determine whether any such errors created a substantial risk of a miscarriage of justice." Commonwealth v. Ortega, 441 Mass. 170, 180 (2004).
The prosecutor's statements did not constitute improper vouching. Improper vouching occurs when "an attorney expresses a personal belief of the credibility of a witness, or indicates that he or she has knowledge independent of the evidence before the jury." Commonwealth v. Kee, 449 Mass. 550, 560 (2007) (quotation omitted). Here, the prosecutor did not express a personal belief, but instead repeated the testimony of Gardner Coin's employee that the date stamp on the photograph of the defendant's license was incorrect. "The prosecutor's comments were within the bounds of proper argument." Ortega, supra at 182.
Judgment affirmed.

This testimony was received without objection.

Although the time stamp on the photograph of the defendant's license indicated that the transaction occurred on June 8, 2015, an employee of Gardner Coin testified that the time stamp was incorrect, and that the transaction took place on June 9, 2015.

In his brief, the defendant argues that the inference of guilty knowledge that arises from the possession of recently stolen property infringes on his constitutional right to remain silent. This question has previously been considered and rejected by the Supreme Judicial Court. See Commonwealth v. Burns, 388 Mass. 178, 183 & n. 11, 445 N.E.2d 613 (1983). We are bound by that decision. See Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485-486, 796 N.E.2d 859 (2003). Accordingly, any relief based on this argument must come from the Supreme Judicial Court.

The fact that Gardner Coin did not photograph the person who presented identification and sold the item to the store and that the clerk who conducted the transaction did not testify merely affects the weight of the evidence.